**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**VENKATA SURYA TEJA GOLLAPALLI** **Case No.: 3:25−cv−01424−AR**

Plaintiff,

**v.**

**KINDERCARE LEARNING COMPANIES, INC., et al.**

Defendant.

## Civil Case Assignment Order

**1. Presiding Judge:** The above referenced case has been filed in the Portland Division of the U.S. District Court for the District of Oregon and assigned to:

**Presiding Judge . . . . . . . .U.S. Magistrate Judge Jeffrey J. Armistead**
**Presiding Judge's Suffix Code*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . AR**

***These letters must follow the case number on all future filings.**

**2. Status or Scheduling Questions:** Questions about the status or scheduling of this case should be directed to the judge's courtroom deputy clerk at:

Telephone: 503−326−8059
Email: armistead_crd@ord.uscourts.gov

**3. Filing or Docket Entry Questions:** For questions about filings or docket entries in this case call 503−326−8050 to speak to the case administrator.

**4. Place of Filing:** Any paper filings must be submitted to the Clerk of Court, Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR, 97204. (*See* LR 3−1, LR 5−5.)

**5. District Court Website:** Information about local rules of practice, CM/ECF electronic filing requirements, responsibility to redact personal identifiers from filings, and other related information can be found on the Court's website at ord.uscourts.gov.

**6. Free Legal Assistance for Pro Se Litigants:** Litigants proceeding pro se (without a lawyer) may qualify for free legal assistance from the Oregon Chapter of the Federal Bar Association's Free Federal Law Clinic. To see if you qualify, apply at fedlawclinic.com.

**7. Presumed Consent to Jurisdiction by a Magistrate Judge:**

**a.** Pursuant to Standing Order 2025−1, after all parties have appeared in this case, and after any party later appears in this case (such as after an amended complaint that adds a party), the Court will issue a notice setting a deadline of thirty days for any party wishing to decline the jurisdiction of the Magistrate Judge to file a declination of consent. There will be no adverse consequences if a party elects not to consent to a Magistrate Judge. Magistrate Judges, however, may be able to resolve a case earlier as they are primarily assigned only to civil cases. Where no declinations of consent are timely filed, the record will confirm the parties' consent.

**b.** If one or more declinations of consent are filed, the Magistrate Judge will remain responsible for all case management and scheduling activities, and will consider dispositive motions by issuing Findings and Recommendations, which will be referred to a district judge for final ruling. After the district judge has issued final ruling on all dispositive motions, the case will be reassigned to the district judge for trial. Pursuant to LR 72, the assigned Magistrate Judge is authorized to conduct all pretrial proceedings contemplated by 28 U.S.C. Â§ 636(b) and Fed. R. Civ. P. 72 without further designation of the Court.

**c.** Any declining party may change their position on consent by filing the Consent to Jurisdiction by a Magistrate Judge form at any point during the proceedings up until the final disposition of the case, though the parties are strongly encouraged to consent as early as possible and preferably prior to the filing of dispositive motions. Parties who did not timely decline consent may not decline consent after the deadline for filing the declination of consent has passed.

Additional information about United States Magistrate Judges in the District of Oregon is available on the Court's website.

**DATED: August 12, 2025**

**MELISSA AUBIN**
**Clerk of Court**

by: /s/ A. Morrissey
A. Morrissey, Deputy Clerk

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**VENKATA SURYA TEJA GOLLAPALLI** **Case No.: 3:25−cv−01424−AR**
Plaintiff,

**v.**

**KINDERCARE LEARNING COMPANIES, INC., et al.**
Defendant.

**<u>Discovery and Pretrial Scheduling Order</u>**

To facilitate discovery and the effective management of this case, the Court orders that:

**1. Discovery and Pretrial Deadlines:** Unless otherwise ordered by the Court, the parties shall,

a. within 120 days of this Order:
   i. File all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15;
   ii. Join all claims, remedies, and parties pursuant to Fed. R. Civ. P. 18 and 19;
   iii. File all pretrial, discovery, and dispositive motions;
   iv. Complete all discovery; and
   v. Confer as to Alternate Dispute Resolution pursuant to LR 16−4(c).

b. within 150 days of this Order:
   i. File a Joint ADR Report pursuant to LR 16−4(d);
   ii. File a Proposed Pretrial Order pursuant to LR 16−5.

**2. Corporate Disclosure Statement:** In accordance with Fed. R. Civ. P. 7.1 and LR 7.1−1, any non−governmental corporate party must file a corporate disclosure statement concurrently with its first appearance (*See also* LR 83−9).

**3. Initial Conference of Counsel for Discovery Planning:**

a. Except in cases exempted under Fed. R. Civ. P. 26(a)(1)(B), upon learning the identity of counsel for Defendant(s), counsel for the Plaintiff(s) must initiate communications with counsel for Defendant(s).

b. All counsel must then confer as required by Fed. R. Civ. P. 26(f) within thirty (30) days after a defendant files a responsive pleading or a motion under Fed. R. Civ. P. 12. (*See* LR 26−1.)

c. Counsel should also discuss their client's positions regarding:

   i. Consent to a Magistrate Judge; and
   ii. Alternate Dispute Resolution options. ADR options include judicial settlement conferences or Court−sponsored mediation with highly qualified lawyer−mediators. Court−sponsored mediators agree to conduct mediation without cost to the Court or parties for four (4) hours, exclusive of preparation and travel time to and from the agreed location for mediation. Parties are encouraged to visit the Court's website for <u>additional ADR information</u>, including mediator biographies,

subject−matter expertise, and contact information.

d. If counsel for all of the parties agree to forgo the initial disclosures required by Fed. R. Civ. P. 26(a)(1), they shall file with the Court the Fed. R. Civ. P. 26(a) Discovery Agreement form issued with this order (*See* LR 26−2). Whether or not the parties agree to forgo the initial disclosures, they may seek discovery once the initial conference of counsel for discovery planning contemplated by Fed. R. Civ. P. 26(f) has occurred. (*See* LR 26−1.)

**4. Rule 16 Court Conference for Scheduling and Planning:** Counsel for Plaintiff(s) and for Defendant(s) must, during or promptly after the conference of counsel referred to in section 3 above, contact the assigned judge's courtroom deputy clerk to schedule a Rule 16 Conference for scheduling and planning. (*See* LR 16−2.)

At the Rule 16 Conference, the parties must be prepared to discuss discovery, whether there is consent to a Magistrate Judge, and any scheduling or other issues, including any requested modifications to the initial scheduling order set forth in section 1 above, and possible submission of trial exhibits electronically (*See* LR 5−7(b)).

**5. Service of this Order:** Counsel for the Plaintiff (the "filing party") must serve this order and all attachments upon all other parties to the action. (In cases removed to this Court, the removing defendant is considered the "filing party.") (*See* LR 3−5.) A *pro se* filing party is required to serve this order and all attachments upon all other parties to the action.

**DATED: August 12, 2025**

**MELISSA AUBIN**
**Clerk of Court**

by: /s/ A. Morrissey
A. Morrissey, Deputy Clerk

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**VENKATA SURYA TEJA GOLLAPALLI**
Plaintiff,

**Case No.: 3:25−cv−01424−AR**

**v.**

**KINDERCARE LEARNING COMPANIES, INC., et al.**
Defendant.

---

**Fed. R. Civ. P. 26(a)(1) Discovery Agreement**

Pursuant to LR 26−2, I state that the parties who have been served and who are not in default have agreed to forgo the disclosures required by Fed. R. Civ. P. 26(a)(1).

**DATED:** ____________

**Signature:** ______________________________

**Name and OSB ID:** ______________________________

**E−mail Address:** ______________________________

**Firm Name:** ______________________________

**Mailing Address:** ______________________________

**City, State, Zip:** ______________________________

**Parties Represented:** ______________________________

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**VENKATA SURYA TEJA GOLLAPALLI**
Plaintiff,

**Case No.: 3:25−cv−01424−AR**

**v.**

**KINDERCARE LEARNING COMPANIES, INC., et al.**
Defendant.

---

**Declination of Consent to Jurisdiction of a Magistrate Judge**

This case has been assigned to a U.S. Magistrate Judge for all purposes, including entry of orders on dispositive motions, trial, entry of final judgment, and direct review by the Ninth Circuit Court of Appeals. *See* Standing Order 07−mc−920 and Fed. R. Civ. P. 73.

Consent to jurisdiction by a Magistrate Judge is voluntary. Any party may decline consent by completing and submitting this form by 30 days after the last named party's appearance.

**Each party will be deemed to have knowingly and voluntarily consented to proceed before the assigned magistrate judge if the form is not returned by the due date.** If any party declines to consent to jurisdiction of a Magistrate Judge, the assigned Magistrate Judge will remain responsible for all case management and scheduling activities, will hear and decide all non−dispositive pretrial and discovery matters, and will consider dispositive motions by issuing Findings and Recommendations. *See* Fed. R. Civ. P. 72.

The identity of any declining party will not be disclosed to the judge.

☐ I **DECLINE**consent to jurisdiction by a Magistrate Judge.

**Signature of Party/Attorney:** ______________________________

**Attorney Name and Bar Number:** ______________________________

**E−mail Address:** ______________________________

**Firm Name:** ______________________________

**Mailing Address:** ______________________________

**City, State, Zip:** ______________________________

**Party Name:** ______________________________

**U.S. District Court − Oregon**
**Civil Case Management Time Schedules**

| Local Rule | Event or Requirement | Time Frame | Comment |
|---|---|---|---|
| LR 16−1(d) | Discovery and Pretrial Scheduling Order (with attachments) | Issued by the Clerk's Office at new civil case initiation, along with the summonses | Required to be served on all parties by the filing party (*See* LR 3−5) |
| LR 26−1 | Initial Conference for Discovery Planning | Within 30 days of a defendant filing a responsive pleading or a motion under Fed. R. Civ. P. 12 | Held between the parties |
| LR 16−2 | Rule 16 Conference | Scheduled by the assigned judge after the required LR 26−1 initial discovery planning conference | Affirmative duty on all counsel to contact the assigned judge's courtroom deputy (*See* LR 16−2(a)) |
| LR 16−4(c) | ADR Conference Requirements | Within 120 days from the date the Discovery and Pretrial Scheduling Order is issued | Parties must confer with other attorneys and unrepresented parties to discuss ADR options |
| LR 16−2(e) | Completion of Discovery | Unless otherwise ordered by the Court, within 120 days from the date the Discovery and Pretrial Scheduling Order is issued | Discovery deadlines are set forth in the Discovery and Pretrial Scheduling Order |
| LR 16−4(d) | Joint ADR Report | Within 150 days from the date the Discovery and Pretrial Scheduling Order is issued | The parties must file a Joint ADR Report |
| LR 16−5 | Joint Proposed Pretrial Order | Unless otherwise modified pursuant to LR 16−5(a), within 150 days from the date the Discovery and Pretrial Scheduling Order is issued | The Joint Proposed Pretrial Order filing deadline is established in the Discovery and Pretrial Scheduling Order |
| LR 16−4(f)(2)(B) | Notice to the Court that the Parties Are Unable to Select a Court−sponsored Mediator from the Court's list of mediators | Within fourteen (14) days after entry of a court order referring a case for Court−sponsored mediation | Plaintiff's attorney (or the *pro se* plaintiff) is responsible for notifying the assigned judge who will then designate a mediator |
| LR 16−4(h)(1) | Notification of Private ADR Results | Not later than seven (7) days after the conclusion of private ADR proceedings | Plaintiff's attorney (or the *pro se* plaintiff) is responsible for notifying the court |
| LR 16−4(h)(2) | Report of Court−sponsored Mediator | Not later than seven (7) days following the conclusion of the mediation if no settlement is achieved | Court−sponsored mediator is responsible for notifying the court |