Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
Chloe Jasper, OSB No. 253957
cjasper@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Proposed Lead Plaintiff*
*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VENKATA SURYA TEJA GOLLAPALLI, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>   v.<br><br>KINDERCARE LEARNING COMPANIES, INC., PAUL THOMPSON, ANTHONY AMANDI, JOHN T. WYATT, JEAN DESRAVINES, CHRISTINE DEPUTY, MICHAEL NUZZO, BENJAMIN RUSSELL, JOEL SCHWARTZ, ALYSSA WAXENBERG, PRESTON GRASTY, PARTNERS GROUP HOLDING AG, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., and UBS SECURITIES LLC,<br><br>            Defendants. | Case No. 3:25-cv-01424-AR<br><br>CLASS ACTION ALLEGATION<br><br>MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>Judge:  Hon. Jeffrey Armistead<br><br>Request for Oral Argument |

## MOTION

PLEASE TAKE NOTICE that on a date and at a time to be designated by the Court, proposed Lead Plaintiff City of Dearborn Police & Fire Revised Retirement System ("Dearborn") through its undersigned counsel, will and hereby moves this Court for the entry of an Order: (1) appointing Dearborn as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B); (2) approving Dearborn's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. as Liaison Counsel for the Class (the "Motion"); and (3) granting such other and further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Dearborn believes it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Specifically, Dearborn believes it has the "largest financial interest" in the relief sought by the Class in this litigation.  Dearborn also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of Timothy S. DeJong filed herewith and the exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

---

[1] Because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 77z-1(a)(3)(B)(i), Dearborn cannot ascertain whether any other parties will also seek appointment as Lead Plaintiff until after the October 14, 2025 deadline. Accordingly, Dearborn's counsel respectfully requests that compliance with the meet and confer requirements of Local Rule 7-1(a) be waived in this limited instance.

WHEREFORE, Dearborn respectfully requests that the Court grant the Motion and enter an Order: (1) appointing Dearborn as Lead Plaintiff; (2) approving Dearborn's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:25-cv-01424-AR

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Presently pending before the Court is a securities class action (the "Action") on behalf of a "Class" of all persons or entities other than defendants that purchased or otherwise acquired KinderCare Inc. ("KinderCare" or the "Company") common stock in or traceable to the Company's October 2024 initial public offering (the "IPO"). In securities class actions, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires district courts to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court must determine which member of the "Class" has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Proposed Lead Plaintiff Dearborn submits that it should be appointed Lead Plaintiff because it has the largest financial interest in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As discussed herein, Dearborn has a significant financial interest of approximately ***$37,912*** in losses as calculated on a last-in-first-out ("LIFO") basis as a result of defendants' alleged misconduct—an interest believed to be greater than that of any competing movant.[2]

In addition to asserting the largest financial interest, Dearborn readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it

---

[2] A copy of the PSLRA-required Certification of Dearborn is attached as Exhibit A to the accompanying Declaration of Timothy S. DeJong ("DeJong Decl."), which sets forth all transactions for Dearborn in KinderCare common stock traceable to the IPO. A chart reflecting the calculation of Dearborn's losses as a result of its transactions in KinderCare stock ("Loss Analysis") is attached as Exhibit B to the DeJong Decl.

will fairly and adequately represent the interests of the Class. Dearborn is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial interest in the litigation. Accordingly, Dearborn has both the incentive and ability to supervise and monitor counsel.

Dearborn has further demonstrated its adequacy with its selection and retention of Labaton Keller Sucharow LLP ("Labaton") as proposed Lead Counsel for the Class. Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale. Accordingly, Dearborn is the "most adequate plaintiff," and respectfully requests that the Court appoint it Lead Plaintiff and approve its selection of Counsel.

## SUMMARY OF THE ACTION

KinderCare, headquartered in Lake Oswego, Oregon, provides early education and childcare services in the United States. KinderCare common stock trades on the New York Stock Exchange under the ticker symbol "KLC."

The Action alleges that KinderCare misled investors by failing to disclose the following adverse facts that existed at the time of the IPO: (a) that numerous incidents of child abuse, neglect, and harm had occurred at KinderCare facilities; (b) that KinderCare did not provide the "highest quality care possible" at its facilities, and, indeed, in numerous instances had failed to provide even basic care, meet minimum standards in the child care industry, or comply with the laws and regulations governing the care of children; and (c) that, as a result of (a)-(b) above, KinderCare was exposed to a material, undisclosed risk of lawsuits, adverse regulatory action, negative publicity, reputational damage, and business loss.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:25-cv-01424-AR

Defendants' fraud began to be revealed to the market through a series of disclosures. On April 3, 2025, *The Bear Cave*, a widely read investor newsletter, published a scathing article alleging systemic safety problems and operational failures at the Company (the "Bear Cave Report"). The reports stated that KinderCare routinely fell short of its promise to provide a safe and nurturing environment, citing multiple serious incidents including toddlers escaping into busy roads, children stranded inside buses, and even exposure to narcotics. Then, on April 24, 2025, online magazine *Evie* described the Bear Cave Report as a "damning new investigative report [that] has pulled back the curtain on what might be the worst scandal in America's childcare system at KinderCare." Finally, on June 5, 2025, *The Bear Cave* published a follow-up report where it cited a statement from a congresswoman questioning the continued federal funding of KinderCare. Since its IPO, KinderCare's stock has fallen more than 50 percent below its IPO price.

As a result of defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's common stock, Dearborn and the Class have suffered significant damages.

## ARGUMENT

### A.     Dearborn Should be Appointed as Lead Plaintiff

Dearborn respectfully submits that it is the presumptively "most adequate plaintiff" because it has timely filed this motion, has claimed a substantial financial interest, and is both typical and adequate under Rule 23. As the "most adequate plaintiff," Dearborn should be appointed as Lead Plaintiff and its choice of counsel approved.

#### 1.     The PSLRA Standard for Appointing the Lead Plaintiff

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in securities class actions. 15 U.S.C. § 77z-1(a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First,

6

within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class. 15 U.S.C. § 77z-1(a)(3)(A)(i); *Cavanaugh*, 306 F.3d at 729.

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff. The "presumptively most adequate plaintiff" is the person or group of persons who: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730.

As the Ninth Circuit stated in *Cavanaugh*:

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

306 F.3d at 730 (footnote omitted).

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

### 2.   Dearborn Is the "Most Adequate Plaintiff"

#### a.   Dearborn's Motion Is Timely

Dearborn filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on August 12, 2025, counsel for plaintiff in the Action, caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely circulated, national, business-oriented news reporting service.  *See* Notice, DeJong Decl. Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within 60 days after publication of the notice, *i.e.,* on or before October 14, 2025. Dearborn filed its motion within the required period and has thus satisfied the procedural requirements of the PSLRA.

#### b.   Dearborn Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  As evidenced by its Certification and Loss Analysis, Dearborn suffered ***$37,912*** in LIFO losses as a result of defendants' alleged misconduct.  *See* DeJong Decl., Exs. A and B; *see Sigman v. NuScale Power Corp.*, 2024 WL 727253, at *4 (D. Or. Feb. 22, 2024) (finding that losses are the primary means of determining financial interest).  To the best of counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Dearborn satisfies the PSLRA's prerequisite of having the largest financial interest.

#### c.   Dearborn Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15

U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).   Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Felix v. Symantec Corp.*, 2018 WL 4029053, at *3 (N.D. Cal. Aug. 23, 2018).  Here, the claims that Dearborn asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Dearborn: (1) purchased KinderCare stock in or traceable to the IPO; (2) at prices that were allegedly inflated due to Defendants' materially false or misleading statements or omissions; and (3) was damaged thereby when the truth was fully revealed.  Because the claims that Dearborn asserts are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other Class members, typicality is satisfied. *Cannataro v. Portland Gen. Elec. Co.*, 2020 WL 12800744, at *5 (D. Or. Nov. 10, 2020) ("[Movant] has claims typical of the claims of the class because it purchased [company] stock at prices that were allegedly artificially inflated by the alleged misconduct.  The claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.").

The thrust of the adequacy inquiry is: "(1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class." *Symantec Corp.*, 2018 WL 4029053, at *3.  Here, no antagonism exists between Dearborn's interests and those of the absent Class members; rather, the interests of Dearborn and Class members are squarely aligned.  In addition, Dearborn has demonstrated its adequacy through its selection of Labaton as

Lead Counsel to represent the Class in this Action. *See Portland Gen. Elec. Co.*, 2020 WL 12800744, at *5 ("[Movant] satisfies the adequacy requirement by not having any apparent conflicts of interest with the class members and by timely moving to be appointed as lead plaintiff, timely filing the requisite certifications, and selecting qualified proposed lead and liaison counsel who appear to have the requisite skills, experience, and competence to prosecute the claims vigorously and efficiently in the best interests of the class."). As discussed more fully herein, Labaton is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted this Motion to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II) and (B)(v). Accordingly, Dearborn satisfies the adequacy requirement.

### d.     Dearborn Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, Dearborn—a sophisticated institutional investor—is precisely the type of investor Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Versata*, *Inc., Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff" because "Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial

because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this Circuit, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See, e.g., In re Nike, Inc. Sec. Litig.,* 2024 WL 4579499, at *5 (D. Or. Oct. 25, 2024) (finding adequacy requirement met in part because of investor group's "experience as institutional investors"); *Haideri v. Jumei Int'l Holding Ltd.*, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) ("[T]he adequacy of [movant] as a lead plaintiff is supported by the fact that it is an institutional investor").  Accordingly, Dearborn has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

### B.      The Court Should Approve Dearborn's Choice of Counsel

Dearborn has selected and retained Labaton as its proposed Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne") as its proposed Liaison Counsel for the Class.  The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  15 U.S.C. § 77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734.  The Court should not disturb the lead plaintiff's selection of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton served as a lead counsel in *In re American International*

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:25-cv-01424-AR

*Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-5036 (C.D. Cal.). Labaton presently serves as lead and co-lead counsel in several significant investor class actions. *See* DeJong Decl. Ex. D. Similarly, Stoll Berne is an accomplished securities class action firm with experience in prosecuting securities class actions and has successfully secured favorable outcomes for classes of plaintiffs in class action lawsuits. *See* DeJong Decl. Ex. E.

Thus, the Court can be assured that, by approving Dearborn's choice of counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Dearborn's selection of Labaton as Lead Counsel for the Class and Stoll Berne as Liaison Counsel for the Class.

## **CONCLUSION**

For the foregoing reasons, Dearborn respectfully requests that this Court enter an Order: (1) appointing Dearborn as Lead Plaintiff; (2) approving Dearborn's selection of Labaton as Lead Counsel for the Class and Stoll Berne as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:25-cv-01424-AR

DATED: October 14, 2025    Respectfully submitted,

STOLL STOLL BERNE LOKTING & SHLACHTER P.C

By: s/*Timothy S. DeJong*
    Keith A. Ketterling, OSB No. 913368
    Timothy S. DeJong, OSB No. 940662
    Cody Berne, OSB No. 142797
    Chloe Jasper, OSB No. 253957

209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email:       kketterling@stollberne.com
             tdejong@stollberne.com
             cberne@stollberne.com
             cjasper@stollberne.com


*Liaison Counsel for Proposed Lead Plaintiff*

Francis P. McConville (*pro hac vice* forthcoming)
Connor C. Boehme (*pro hac vice* forthcoming)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone:   (212) 907-0700
Facsimile:   (212) 818-0477
Email:       fmcconville@labaton.com
             cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

13

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:25-cv-01424-AR