**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 2600
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for David Chung and*
*Proposed Liaison Counsel for the Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| VENKATA SURYA TEJA GOLLAPALLI, Individually and on Behalf of All Others Similarly Situated, | 3:25-cv-01424-AR |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DAVID CHUNG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| KINDERCARE LEARNING COMPANIES, INC., PAUL THOMPSON, ANTHONY AMANDI, JOHN T. WYATT, JEAN DESRAVINES, CHRISTINE DEPUTY, MICHAEL NUZZO, BENJAMIN RUSSELL, JOEL SCHWARTZ, ALYSSA WAXENBERG, PRESTON GRASTY, PARTNERS GROUP HOLDING AG, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., and UBS SECURITIES LLC, | |
| Defendants. | |

Page 1 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4139811

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that David Chung ("Movant") respectfully moves this Court for an order: (1) appointing Movant as lead plaintiff in the above-captioned action (the "Action") pursuant to § 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel for the Class and Black Helterline LLP ("Black Helterline") as Liaison Counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on this notice, the attached memorandum of law, the declaration of Michael B. Merchant in support thereof, and the Court's complete files and records in these actions, as well as such further argument as the Court may allow at a hearing on this motion.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1, for: (1) appointment as Lead Plaintiff; and (2) approval of his selection of counsel on behalf of all purchasers of KinderCare Learning Companies, Inc. ("KinderCare" or the "Company") common

---

[1] Local Rule 7.1(a) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7.1(a) be waived.

Page 2 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4139811

stock in or traceable to the Company's October 2024 initial public offering (the "IPO"). Movant seeks to recover damages under and pursuant to Sections 11 and 15 of the 1933 Act, 15 U.S.C. §§77k and 77o, against Defendants KinderCare, Paul Thompson ("Thompson"), Anthony Amandi ("Amandi"), John T. Wyatt ("Wyatt"), Jean Desravines ("Desravines"), Christine Deputy ("Deputy"), Michael Nuzzo ("Nuzzo"), Benjamin Russell ("Russell"), Joel Schwartz ("Schwartz"), Alyssa Waxenberg ("Waxenberg"), Preston Grasty ("Grasty"), Partners Group Holding AG ("Partners Group"), Goldman Sachs & Co. LLC ("Goldman Sachs"), Morgan Stanley & Co. LLC ("Morgan Stanley"), Barclays Capital Inc. ("Barclays"), and UBS Securities LLC ("UBS") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Black Helterline LLP ("Black Helterline") as Liaison Counsel should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## PROCEDURAL BACKGROUND

Plaintiff Venkata Surya Teja Gollapalli ("Gollapalli") commenced the above-captioned action against KinderCare in this Court on August 12, 2025. On the following day, counsel for Gollapalli published a notice on *PRNewswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in KinderCare that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Michael B. Merchant in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Merchant Decl.") at Exhibit ("Ex.") C.

## FACTUAL BACKGROUND[2]

KinderCare which opened its first facility in 1969 and since then has grown to over 2,400 locations in 41 states and the District of Columbia, provides early education and child care services in the United States. ¶ 20. The Company serves children ranging from 6 weeks to 12 years of age with over 1,500 early childhood education ("ECE") centers and approximately 900 before-school and after-school sites. *Id.*

On September 6, 2024, KinderCare filed with the SEC a registration statement for the IPO on Form S-1, which, after amendments, was declared effective on October 8, 2024 (the "Registration Statement"). ¶ 25. The Company filed with the SEC a prospectus for the IPO on Form 424B4 on October 9, 2024, which was incorporated into and formed part of the Registration Statement. *Id.*

---

[2] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Gollapalli* Complaint") filed in the action entitled *Gollapalli v. KinderCare Learning Companies, Inc., et al.*, No. 3:25-cv-01424-AR (the "*Gollapalli* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Gollapalli* Complaint. The facts set forth in the *Gollapalli* Complaint are incorporated herein by reference.

Defendants used the Registration Statement to sell over 27 million shares of KinderCare common stock to investors at $24 per share, which included the full exercise of the Underwriter Defendants' over-allotment option. ¶ 26. The IPO raised $648 million in gross offering proceeds. *Id.*

The Registration Statement contained material misrepresentations about KinderCare's business, the quality of care and education it has purportedly provided "throughout" its history, and the nature and magnitude of the risks and uncertainties that investors faced at the time of the IPO. ¶ 27.

The statements in ¶¶32-39 of the *Gollapalli* Complaint were materially false and misleading when made because they failed to disclose the following adverse facts that existed at the time of the IPO: (a) that numerous incidents of child abuse, neglect, and harm had occurred at KinderCare facilities; (b) that KinderCare did not provide the "highest quality care possible" at its facilities, and, indeed, in numerous instances had failed to provide even basic care, meet minimum standards in the child care industry, or comply with the laws and regulations governing the care of children; and (c) that, as a result of (a)-(b) above, KinderCare was exposed to a material, undisclosed risk of lawsuits, adverse regulatory action, negative publicity, reputational damage, and business loss. ¶ 40.

Since the IPO, which occurred less than one year before the filing of this complaint, the price of KinderCare stock has fallen to lows near $9 per share – a fraction of the $24 per share IPO price. ¶ 30. The price of KinderCare stock has remained substantially below the IPO price at the time of filing this complaint. *Id.*

Page 5 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
4139811

## <u>ARGUMENT</u>

**I.    Appointing Movant as Lead Plaintiff is Appropriate**

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

### A.      Movant Filed a Timely Motion in Response to a PSLRA Notice

On August 13, 2025, pursuant to 15 U.S.C. § 77z-1(a)(3)(A), the Notice of the pendency of the Action was published on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of KinderCare securities that they had until October 14, 2025 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of KinderCare securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Merchant Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

### B.      Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

Page 7 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4139811

relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

In or traceable to the IPO, Movant purchased a total of 7,400 shares, at a total cost of $168,880.00, and suffered approximately $96,286.00 using a last-in-first-out ("LIFO") analysis. *See* Merchant Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at \*10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a

Page 8 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4139811

motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1. Movant's Claims Is Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Apache Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of KinderCare. Movant, like all of the members of the Class, purchased KinderCare shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Movant Is An Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA

Page 9 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4139811

directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be a sophisticated investor, having been investing in the stock market for over 40 years. He resides in Busan, Republic of Korea, and possesses a master's degree. Movant is currently retired, but prior to that he was an engineer. Further, Movant has experience overseeing attorneys, as he has hired attorneys for family law matters.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.         Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012).

Here, Movant has retained Levi & Korsinsky to serve as Lead Counsel and Black Helterline LLP to serve as Liaison Counsel on behalf of the Class in the event he is appointed as lead plaintiff. As reflected in the accompanying firm résumé, Levi & Korsinsky possesses extensive experience and expertise in securities litigation, has the necessary resources to efficiently and effectively prosecute the Action, and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Merchant Decl., Ex. D. Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of

. . . . .

. . . . .

Page 11 – **NOTICE AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4139811

Levi & Korsinsky as Lead Counsel and Black Helterline LLP as Liaison Counsel for the Class;

and (3) granting such other and further relief as the Court may deem just and proper.

DATED this 14th day of October, 2025.

**BLACK HELTERLINE LLP**


 *s/ Michael B. Merchant*
Michael B. Merchant, OSB No. 882680
805 S.W. Broadway, Suite 2600
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148
Email: mike.merchant@bhlaw.com

*Liaison Counsel for David Chung and Proposed
Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171

*Lead Counsel for David Chung and Proposed Lead
Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2025, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all

parties in the record of the subject case via CM/ECF system transmission.

*/s/ Michael B. Merchant*
Michael B. Merchant

Page 1 – Certificate of Service

4139811