**Chenoweth Law Group, PC**
Robert J. McGaughey, OSB No. 800787
bobm@chenowethlaw.com
Aurelia Erickson, OSB No. 126170
aerickson@chenowethlaw.com
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182

*Liaison Counsel for Lead Plaintiff Movant*
*And [Proposed] Liaison Counsel for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VENKATA SURYA TEJA GOLLAPALLI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> KINDERCARE LEARNING COMPANIES, INC., PAUL THOMPSON, ANTHONY AMANDI, JOHN T. WYATT, JEAN DESRAVINES, CHRISTINE DEPUTY, MICHAEL NUZZO, BENJAMIN RUSSELL, JOEL SCHWARTZ, ALYSSA WAXENBERG, PRESTON GRASTY, PARTNERS GROUP HOLDING AG, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., AND UBS SECURITIES LLC,, <br><br> Defendants. | Case No. 3:25-cv-01424-JA <br><br> NOTICE OF MOTION AND MOTION OF RUFAT ILYASOV FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF <br><br> CLASS ACTION <br><br> JURY TRIAL DEMAND |

**LR 7-1(a) CERTIFICATION**

Local Rule 7-1(a) requires the moving party to certify that the parties made a good faith effort through personal or telephone conferences to resolve the dispute before filing a motion. LR 7-1(a)(1)(A). Pursuant to the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), whereby any "purported class member, including any, class member who is not individually named as a plaintiff in the complaint," may file a motion for appointment as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(a)(i) (citation modified), there may be as-yet unknown movants who intend to seek appointment as Lead Plaintiff on October 14, 2025. The undersigned counsel respectfully requests that Local Rule 7-1(a)'s conferral requirement be waived as to the unknown movants in this instance. If any subsequent motion for appointment as Lead Plaintiff is filed after this Motion, the undersigned will confer as necessary with counsel for those movants after the filing of this Motion.

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Lead Plaintiff, movant, and putative Class member Rufat Ilyasov ("Ilyasov" or "Movant"), by and through his undersigned counsel, hereby moves this Court for the entry of an order: (1) appointing Ilyasov as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (2) approving his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This Motion is made on the grounds that Ilyasov timely filed this Motion and that he is the most adequate Plaintiff. Based on the information presently available, Ilyasov has the largest financial interest in the relief sought by the putative Class amongst movants for Lead Plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), has claims

1 - NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

which are typical of the claims of the Class, and will fairly and adequately represent the interests of the Class.  In addition, Ilyasov has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the securities claims.  Ilyasov has selected Chenoweth Law Group P.C. to serve as Liaison Counsel.  Scott+Scott has done significant work to advance the claims alleged and prosecute this action on behalf of Class members.

This Motion is based on this Notice of Motion, the Memorandum of Law filed concurrently herewith and in support hereof, the Declaration of Thomas L. Laughlin, IV in Support of Rufat Ilyasov's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Laughlin Decl."), with attached exhibits thereto, filed concurrently herewith and in support hereof, the pleadings and other files and records previously entered in this Action, and such other written or oral argument as may be presented to the Court.

## MEMORANDUM OF LAW

## I.    INTRODUCTION

The above-captioned case (the "Action") is a securities class action brought on behalf of all persons and entities that purchased or otherwise acquired KinderCare Learning Companies, Inc. ("KinderCare" or the "Company") common stock issued in connection with the Company's October 2024 initial public offering (the "IPO" or the "Offering").  Movant Ilyasov purchased KinderCare common stock pursuant and/or traceable to the registration statement and prospectus (the "Offering Documents") issued in connection with the IPO and suffered significant damages as a result of the false and misleading statements and omissions made therein.  Movant respectfully submits this memorandum of law in support of his motion for: (1) appointment as Lead Plaintiff

pursuant to §27D of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by the PSLRA; and (2) approval of his selection of Scott+Scott to serve as Lead Counsel for the putative Class.

The PSLRA provides that the Court is to appoint as Lead Plaintiff the member of the purported plaintiff Class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).  As demonstrated below, Ilyasov should be appointed to serve as Lead Plaintiff because: (1) its motion for appointment is timely filed; (2) based on information presently available, Ilyasov has the largest financial interest in this litigation; and (3) Ilyasov is an adequate and typical Class member.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same).  In addition, Ilyasov's selection of Scott+Scott to serve as Lead Counsel for the Class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this Action on behalf of the putative Class.

## II.    FACTUAL BACKGROUND[1]

KinderCare provides early education and child care services in the United States.  ¶20.  The Company opened its first facility in 1969 and since then has grown to over 2,400 locations in 41 states and the District of Columbia.  *Id.*  The Company serves children ranging from 6 weeks to 12 years of age with over 1,500 early childhood education ("ECE") centers and approximately 900 before-school and after-school sites.  *Id.*

---

[1]    All "¶_" and "¶¶__" citations are to the Complaint for Violations of the Federal Securities Laws filed on August 12, 2025 (ECF No. 1) (the "Complaint"), unless otherwise stated, and the facts set forth in the Complaint are incorporated herein by reference.

Over 30% of the Company's revenues come from federal subsidies, primarily provided through the Child Care Development Fund ("CCDF"), as authorized under the Child Care & Development Block Grant ("CCDBG"), a federal program that provides funding to states to assist low-income families with child care costs. ¶23.  In 2024, for instance, KinderCare received $942.1 million in subsidy revenue from government agencies, approximately 35% of the Company's $2.66 billion total revenue.  *Id.*

On September 6, 2024, KinderCare filed with the SEC a registration statement for the IPO on Form S-1, which, after amendments, was declared effective on October 8, 2024 (the "Registration Statement"). ¶25.  On October 9, 2024, KinderCare filed with the SEC a prospectus for the IPO on Form 424B4, which was incorporated into and formed part of the Registration Statement.  *Id.*  Defendants used the Registration Statement to sell over 27 million shares of KinderCare common stock to investors at $24 per share, which included the full exercise of the Underwriter Defendants' over-allotment option. The IPO raised $648 million in gross offering proceeds. ¶26.

The Registration Statement contained material misrepresentations about KinderCare's business, the quality of care and education it has purportedly provided "throughout" its history, and the nature and magnitude of the risks and uncertainties that investors faced at the time of the IPO. ¶27.  For example, the Registration Statement praised the "unwavering" and "constant" "high-quality" care that KinderCare teachers and employees provided to "each" student and their families, going so far as to describe the child care offered by the Company as "the highest quality care possible" and a "safe, nurturing and engaging environment." ¶28.

In truth, prior to the IPO KinderCare provided substandard care, including numerous incidents of child endangerment, for example, instances where toddlers escaped facilities and

roamed into traffic, children were left locked in facilities or buses, and kids were subject to intentional acts of physical, verbal, and sexual abuse. ¶29. Since the IPO, which occurred less than one year before the filing of this complaint, the price of KinderCare stock has fallen to lows near $9 per share – a fraction of the $24 per share IPO price. ¶30.

## III.    ARGUMENT

### A.    Ilyasov Should Be Appointed Lead Plaintiff

#### 1.    Ilyasov's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §77z-1(a)(3)(A)(i). Following the commencement of the Action, on August 12, 2025, counsel for Plaintiff Venkata Surya Teja Gollapalli, Robbins Geller Rudman & Dowd LLP, published notice of pendency of the action via Globe Newswire. *See* Laughlin Decl., Ex. A. Because the Early Notice was published within 20 days of the filing of the Action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice was "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed Lead Plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or by October 14, 2025. 15 U.S.C. §77z-1(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely. 15 U.S.C. §77z-1(a)(3)(A)(i)(II). Moreover, Movant has submitted a certification stating his willingness to serve as a representative party on behalf of the Class. *See* Laughlin Decl., Ex. B.

#### 2.    Ilyasov Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately

representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."    15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a rebuttable "presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class."    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).    "District courts 'have typically considered the "Olsten–Lax" factors to determine who has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).    Of the Olsten-Lax factors, courts in this Circuit, including this Judicial District, tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *8 (D. Or. Oct. 3, 2014) (finding "district courts have generally equated financial interest with actual economic losses suffered", and determining presumptive lead plaintiff by comparing losses) (citation modified).

Based on the information presently available, Ilyasov has the largest financial interest in the relief sought in this litigation.  Specifically, as set forth in attached Schedule A, Ilyasov lost approximately $35,539.50 as a result of Defendants' wrongdoing.  *See* Laughlin Decl., Ex. C. Given that Ilyasov has the largest financial interest in this litigation and, as discussed below,

satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, he should be appointed

Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.    Ilyasov Is Otherwise Qualified Under Rule 23

Pursuant to §27 of the Securities Act, a proposed lead plaintiff must also "otherwise satisfy

the requirements of Rule 23."  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc) (citation modified).  Rule

23(a) provides that a party may serve as a class representative only if the following four

requirements are satisfied: "(1) the class is so numerous that joinder of all members is

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class; and (4) the

representative parties will fairly and adequately protect the interests of the class."  *See* Fed. R. Civ.

P. 23(a).  Of the four prerequisites, only two—typicality and adequacy—directly address the

personal characteristics of the class representative.  Consequently, in deciding a motion to serve

as lead plaintiff, the court need only make findings as to the typicality and adequacy of the

proposed lead plaintiff and, at this stage, those findings need only be "preliminary."  *See, e.g.,*

*Westley v. Oclaro, Inc.*, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a

"preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has

suffered the same injuries as other class members as a result of the same conduct by defendants

and has claims based on the same legal issues.'"  *Id.*  Here, Ilyasov's claims are typical of the

claims of the other members of the putative Class because, like all other Class members, he alleges

that Defendants' material misstatements and omissions concerning KinderCare's business violated

federal securities laws.  Ilyasov, like all members of the Class, purchased KinderCare common

stock pursuant or traceable to the Company's IPO and suffered damages as a result.  *See Russo v.*

*Finisar Corp.*, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Ilyasov are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when they possess common interests and an absence of conflict with fellow class members and movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation"). Ilyasov satisfies the "adequacy" requirement in the instant litigation because his interests are clearly aligned with the interests of the putative Class. Moreover, Ilyasov, like all other members of the Class, suffered losses as a result of purchasing KinderCare common stock pursuant to and/or traceable to the materially misleading Offering Documents. Ilyasov will, therefore, benefit from the same relief as other Class members. Ilyasov has also submitted a Declaration demonstrating his adequacy. *See* Laughlin Decl., Ex. D. In short, there is absolutely no evidence of antagonism between Movant and the putative Class.

Ilyasov has also demonstrated that he is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Ilyasov has made a prima facie showing that he satisfies all of the requirements of Rule 23 for the purposes of this Motion.

### B.    The Court Should Approve Ilyasov's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Ilyasov has selected the law firm of Scott+Scott to represent the Class.  Scott+Scott has substantial experience in the prosecution of securities class actions, possesses the necessary resources to efficiently conduct this litigation, and will vigorously prosecute this case on behalf of Ilyasov and the putative Class.[2]  *See* Laughlin Decl., Ex. E (firm résumé).  Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts.[3]  *See also* Laughlin Decl., Ex. E.

---

[2]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

[3]    *See, e.g.*, Current Lead Counsel Appointments: *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.);

---

Ilyasov has selected Chenoweth Law Group P.C. ("CLG") to serve as Liaison Counsel. CLG has substantial experience in serving in this capacity in class action and derivative securities cases, in addition to its more general federal court practice.

In light of the foregoing, the Court should approve Ilyasov's selection of Lead and Liaison Counsel for the securities claims. The Court can be assured that by approving Ilyasov's choice of Scott+Scott as Lead Counsel, the putative Class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all of the foregoing reasons, Ilyasov respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel and Liaison Counsel.

Dated:  October 14, 2025

Respectfully submitted,

CHENOWETH LAW GROUP, PC

/s/ Aurelia Erickson
Aurelia Erickson, OSB No. 126170
Robert J. McGaughey, OSB #800787
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: aerickson@chenowethlaw.com
Email: bobm@chenowethlaw.com

*Liaison Counsel for Lead Plaintiff Movant Rufat Ilyasov and [Proposed] Liaison Counsel for the Class*

---

*Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); and *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.).

Thomas L. Laughlin, IV (*pro hoc vice forthcoming*)
Mandeep S. Minhas (*pro hoc vice forthcoming*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
mminhas@scott-scott.com

*Proposed Lead Counsel for Lead Plaintiff Movant*

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, October 14, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Aurelia Erickson*
Aurelia Erickson

CERTIFICATE OF SERVICE