**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 2600
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for David Chung and*
*Proposed Liaison Counsel for the Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| VENKATA SURYA TEJA GOLLAPALLI, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>        v.<br><br>KINDERCARE LEARNING COMPANIES, INC., PAUL THOMPSON, ANTHONY AMANDI, JOHN T. WYATT, JEAN DESRAVINES, CHRISTINE DEPUTY, MICHAEL NUZZO, BENJAMIN RUSSELL, JOEL SCHWARTZ, ALYSSA WAXENBERG, PRESTON GRASTY, PARTNERS GROUP HOLDING AG, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., and UBS SECURITIES LLC,<br><br>                       Defendants. | 3:25-cv-01424-AR<br><br>**DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF** |

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ....................................................................................1

II.     ARGUMENT ...........................................................................................................2

    A.      The PSLRA Process........................................................................................2

        1.      Mr. Chung Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors. ....................................................................................3

        2.      Mr. Chung Meets the Typicality and Adequacy Requirements of Rule 23. ...........4

    B.      No Proof Exists to Rebut the Presumption in Favor of Mr. Chung's Appointment as Lead Plaintiff..........................................................................................6

    C.      Approval of Mr. Chung's Choice of Counsel Is Appropriate .....................................9

III.    CONCLUSION ........................................................................................................10

# TABLE OF AUTHORITIES

Cases

*Ali v. Intel Corp.*,
  No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018) ................... 5

*Armour v. Network Assocs.*,
  171 F. Supp. 2d 1044 (N.D. Cal. 2001) ................................................................................. 7

*Bodri v. GoPro, Inc.*,
  No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016) .................... 3

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ................................................................................................... 5

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................... 5

*Francisco v. Abengoa, S.A.*,
  Nos. 15 Civ. 6279 (ER), et. al., 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ....... 8

*Guohua Zhu v. UCBH Holdings, Inc.*,
  682 F. Supp. 2d 1049 (N.D. Cal. 2010 .................................................................................. 5

*Gurevitch v. KeyCorp, et al.*,
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ..................................................................... 10

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................. 3

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
  04-cv-0265, 2004 U.S. Dist. LEXIS 10200 (E.D. Pa. June 3, 2004) ...................................... 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................. 7, 9

*In re E-Trade Financial Corp.* Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.) ................................................................................................. 10

*In re Olsten Corp. Securities Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................................... 3

*In re Tesla Inc. Securities Litigation*,
  No. 3:18-cv-4865 (N.D. Cal.) ............................................................................................. 10

*In re U.S. Steel Securities Litigation*,
  No. 2:17-579-CB (W.D. Pa.) ................................................................................................. 9

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
No. CIV A 07-177, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7, 2007)...............................8

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023).........................................................................10

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................................3

*Martin v. BioXcel Therapeutics, Inc. et al.*,
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023)...........................................................................10

*Petersen v. Stem, Inc. et. al.*,
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023).........................................................................10

*Rabin v. John Doe Mkt. Makers*,
254 F. Supp. 3d 754 (E.D. Pa. 2015) ......................................................................................8

*Reiger v. Altris Software, Inc.*,
Case No. 98cv0528J (JFS), 1998 U.S. Dist. LEXIS 14705 (S.D. Cal. Sep. 11, 1998)...............7

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ..........................................................................10

*Robb v. Fitbit Inc.*,
No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016).........................3

*Sanders v. VeriFone Sys.*,
No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000 (N.D. Cal. Oct. 7, 2013) ...............9

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023)...........................................................................10

*Thant v. Rain Oncology Inc. et al.*,
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023).................................................................................10

*Thant v. Veru, Inc. et al.*,
No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) ..........................................................................10

*Villanueva v. Proterra Inc. et al.*,
No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023).........................................................................10

iv

**Statutes**

15 U.S.C. § 77z-1.......................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23......................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

The Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1) (the "PSLRA"), sets forth a clear framework for appointing lead plaintiffs in securities class actions like this one. Under the PSLRA, David Chung's lead plaintiff motion should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). As demonstrated in the table below, Mr. Chung's financial interest is larger than that of any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| David Chung | 7400 | 7400 | $168,880.00 | $96,286.00 |
| City of Dearborn Police & Fire Revised Retirement System | 3405 | 0 | $81,632.00 | $37,911.66 |
| Rufat Ilyasov | 3306 | 3306 | $67,971.36 | $35,539.50 |

*See* ECF Nos. Nos. 23-2; 25-2; and 27-3.

In addition to having the "largest financial interest," Mr. Chung is typical of his fellow Class members and certainly meets the adequacy requirements of Federal Rule of Civil Procedure 23(a). Mr. Chung is an ideal class representative, having been investing in securities for over forty years. ECF No. 24 at p. 10. Mr. Chung resides in Busan, Republic of Korea, and possesses a master's degree. *Id.* He is also typical of the other class members insofar as he purchased KinderCare Learning Companies, Inc. ("KinderCare" or the "Company") common stock in or traceable to the Company's October 2024 initial public offering (the "IPO") and was damaged in the same manner as all other class members. David Chung's Certification, ECF. No.

Page 1 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
              COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

25-1. He does not have any interests adverse to the Class and he is committed to obtaining the best possible outcome for the class.

With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Mr. Chung is entitled to the presumption of being the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii). As none of the competing movants can rebut this presumption with proof that Mr. Chung is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Chung respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.  The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 77z-1(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the

Page 2 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
               COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### 1. Mr. Chung Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Mr. Chung is entitled to that presumption because, relative to the other movants, Mr. Chung's losses are far greater. When evaluating "financial interest" at the lead plaintiff stage, courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "the weight of authority puts the most emphasis on the competing movants' estimated losses[.]" *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016). *See also Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").

Page 3 –  DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| David Chung | 7400 | 7400 | $168,880.00 | $96,286.00 |
| City of Dearborn Police & Fire Revised Retirement System | 3405 | 0 | $81,632.00 | $37,911.66 |
| Rufat Ilyasov | 3306 | 3306 | $67,971.36 | $35,539.50 |

*See* ECF Nos. Nos. 23-2; 25-2; and 27-3.

Mr. Chung has a significantly greater financial interest under two of the four *Olsten/Lax* factors when evaluating each movants' financial interest, including the most important factor, "approximate loss suffered." Mr. Chung has nearly $60,000 more in losses as compared to City of Dearborn Police & Fire Revised Retirement System, the movant with the second largest financial interest in the litigation. With over $96,000 in losses, there can be no dispute that Mr. Chung holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B).

### 2. Mr. Chung Meets the Typicality and Adequacy Requirements of Rule 23.

Not only does Mr. Chung possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff. Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal

Page 4 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
               COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

characteristic of the Class representative. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at \*5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

Typicality exists when "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Rule 23(a)(3); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004). Mr. Chung's claims are typical of those of other Class members because, like other Class members, he purchased KinderCare common stock pursuant and/or traceable to its initial public offering. *See* ECF No. 25-1 (certification evidencing transactions in KinderCare stock). Moreover, Mr. Chung's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. Mr. Chung is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, ECF No. 24, p. 9.

In addition to meeting the "typicality" requirements under Rule 23, Mr. Chung also makes the necessary *prima facie* showing of adequacy. To satisfy the adequacy requirement at this stage of the proceedings, Mr. Chung must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 77z-1 (a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Chung has no conflicts with other Class Members, nor is there evidence of any antagonism between his interest and those of the Class.

Finally, Mr. Chung has further demonstrated his adequacy by submitting here with a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this

Page 5 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
               COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

litigation. In the declaration, Mr. Chung provided his education, employment, and years of investing experience. *See* Declaration of David Chung in Support of His Motion for Appointment as Lead Plaintiff as Exhibit A. Mr. Chung considers himself a sophisticated investor, having been investing in securities for over forty years. *Id*. at ¶2. He resides in Busan, Republic of Korea, and possesses a master's degree. *Id.* Mr. Chung is currently retired, but prior to that he was an engineer. *Id*. Further, he has experience overseeing attorneys, as he has hired attorneys for family law matters. *Id.* Likewise, Mr. Chung's certification pursuant to the federal securities laws, declaration detailing his motivation and intention to oversee this litigation, and selection of experienced and capable counsel in Levi & Korsinsky, LLP and Black Helterline LLP demonstrate that Mr. Chung will adequately represent the interests of the proposed Class. Accordingly, Mr. Chung has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As Mr. Chung has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

**B.  No Proof Exists to Rebut the Presumption in Favor of Mr. Chung's Appointment as Lead Plaintiff.**

Importantly, because Mr. Chung has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Chung as Lead Plaintiff can only be rebutted with "proof" that Mr. Chung is somehow atypical or inadequate. 15 U.S.C. § 77z-4(a)(3)(B)(iii)(II). In considering step three of the lead plaintiff appointment process laid out in *Cavanaugh*, competing movants may attempt to rebut the presumptive lead plaintiff's showing

Page 6 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
           COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

of typicality and adequacy only with actual proof that the presumptive lead plaintiff cannot effectively represent the Class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d 726, 740-41 (9th Cir. 2002) ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

In contrast, although competing movant City of Dearborn Police & Fire Revised Retirement System is an institutional investor, Ninth Circuit precedent precludes the Court from considering its motion because Mr. Chung satisfies the PSLRA's requirements. *In re Cavanaugh*, 306 F.3d 726, 732, 737 n.20 (9th Cir. 2002) ("If financial sophistication had been Congress's principal concern, it would not have made the plaintiff who *lost* the most money the presumptive lead plaintiff. . . . So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .") (emphasis in original). Indeed, the PSLRA does not give preferential treatment to institutional investors or otherwise except them from the presumption in Mr. Chung's favor. *See In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 04-cv-0265, 2004 U.S. Dist. LEXIS 10200, at *7 (E.D. Pa. June 3, 2004) ("The language of the [PSLRA] does not require that institutional investors take precedence over individual plaintiffs who are otherwise qualified to serve in a lead capacity."); *Reiger v. Altris Software, Inc.*, No. 98cv0528J (JFS), 1998 U.S. Dist. LEXIS 14705, at *14 (S.D. Cal. Sep. 11, 1998) ("If Congress had intended to restrict the application of the rebuttable presumption to institutional investors, it could have stated such in the statute.").

Page 7 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
            COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

The fact that Mr. Chung is not an "institutional investor" (*e.g.*, a pension fund) does not constitute the level of "proof" of inadequacy that City of Dearborn Police & Fire Revised Retirement System would need to topple Mr. Chung as the most adequate plaintiff. *Rabin v. John Doe Mkt. Makers*, 254 F. Supp. 3d 754, 760-61 (E.D. Pa. 2015) (rejecting argument that an institutional investor should be appointed as Lead Plaintiff because the PSLRA favors intuitial investors over individuals); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177, 2007 U.S. Dist. LEXIS 66258, at *38-39, n. 15 (D.N.J. Sept. 7, 2007) ("Centurion contends that because it is the only institutional investor, which Centurion argues is favored by the PSLRA, it should be appointed as the Lead Plaintiff. The suggestion that Centurion is entitled to some preferential treatment as an institutional investor is misplaced. The predicate of PSLRA's aim to encourage institutional investors to seek a more active role in securities class actions is explicit in the body of the statute--namely, that investors with the largest financial interest are the presumptively most adequate plaintiff."); *Francisco v. Abengoa, S.A.,* Nos. 15 Civ. 6279 (ER), et. al., 2016 U.S. Dist. LEXIS 68145, at *16 (S.D.N.Y. May 24, 2016) ("Local 675 has not provided any authority suggesting that its status as an institutional investor can overcome the presumption of adequacy accorded to the [individual investors] who undeniably have the largest financial interest in this case."). In sum, there is no basis in either the clear text of the PSLRA or in federal securities jurisprudence to appoint City of Dearborn Police & Fire Revised Retirement System as Lead Plaintiff rather than Mr. Chung simply because it is an institutional investor.[1]

---

[1] Even hypothetically assuming the City of Dearborn Police & Fire Revised Retirement System possessed a larger financial loss than Mr. Chung (which it does not), it could not be appointed Lead Plaintiff in this case because its trading pattern is atypical and subjects it to unique loss causation defenses. The Retirement System sold all of its KinderCare stock by *April 1, 2025*. ECF 23-1.  This date precedes all three alleged "corrective disclosures" that the Retirement System claims revealed Defendants' fraud.  ECF 22 at 6.  Specifically, the Retirement System's

Page 8 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
                COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

There are no facts, let alone any "proof," suggesting that Mr. Chung is somehow unfit to represent the class.  Mr. Chung has no conflicts with the members of the Class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Chung is both typical and adequate and his Motion should be granted in its entirety.

### C.  Approval of Mr. Chung's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1 (a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(II)(aa); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *11 (N.D. Cal. Oct. 7, 2013) ("'The District Court does not select class counsel at all,' and typically approves the lead plaintiff's selection of counsel") (citing *Cavanaugh*, 306 F.3d at 732-34).

Mr. Chung selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class and Black Helterline to serve as Liaison Counsel for the Class. Levi & Korsinsky has extensive experience in litigating securities class actions and has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a

---

own brief states that "Defendants' fraud began to be revealed" on **April 3, 2025.** *Id.* Consequently, Defendants will inevitably argue that the Retirement System was admittedly "not affected by any of these alleged corrective disclosures, as [it] was no longer a [KinderCare] shareholder at the time such disclosures were made." *See Soe v. Progenity, Inc.*, No. 20-CV-01683-CAB-AHG, 2020 WL 7129365, at *5 (S.D. Cal. Dec. 3, 2020) (finding that a lead plaintiff movant who sold all shares prior to any alleged corrective disclosure was subject to unique negative causation defenses in a Section 11 case).

Page 9 –   DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
            COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

$79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp. Securities Litigation*, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Wilhite v. Expensify, Inc. et al.,* No 3:23-cv-01784 (D. Or. March 11, 2024); *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Mr. Chung's motion, the Class will receive the highest caliber of legal representation possible.

## III.    CONCLUSION

For the foregoing reasons, Mr. Chung respectfully requests that the Court grant his Motion and enter an Order: (1) appointing him as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as

Lead Counsel for the Class and Black Helterline as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.[2]

DATED this 28th day of October, 2025.

**BLACK HELTERLINE LLP**

 *s/ Michael B. Merchant*
Michael B. Merchant, OSB No. 882680
805 S.W. Broadway, Suite 2600
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148
Email: mike.merchant@bhlaw.com

*Liaison Counsel for David Chung and Proposed*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171

*Lead Counsel for David Chung and Proposed Lead*
*Counsel for the Class*

---

[2] Levi & Korsinsky inadvertently issued a de minimus number of press releases that incorrectly misidentified it as the firm that filed this case. Levi & Korsinsky has already taken steps to correct the issue and has disseminated an updated press release.

Page 11 – DAVID CHUNG'S MEMORANDUM OF LAW IN OPPOSITION TO THE
        COMPETING MOTIONS FOR LEAD PLAINTIFF

4151193

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all parties in the record of the subject case via CM/ECF system transmission.

*/s/ Michael B. Merchant*
Michael B. Merchant

Page 1 – Certificate of Service

4151193