BALLARD SPAHR LLP
BRUCE H. CAHN, OSB No. 935450
cahnb@ballardspahr.com
RYAN O'HOLLAREN, OSB No. 231160
ohollarenr@ballardspahr.com
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Telephone: 503.778.2100

COOLEY LLP
KOJI F. FUKUMURA, *pro hac vice*
kfukumura@cooley.com
HEATHER M. SPEERS, *pro hac vice*
hspeers@cooley.com
CRISTINA M. FERRUOLO, *pro hac vice pending*
cferruolo@cooley.com
10265 Science Center Drive
San Diego, CA 92121
Telephone: 858.550.6000

TARA E. LEVENS, *pro hac vice*
tlevens@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650.843.5000

*Attorneys for Defendants KinderCare Learning Companies, Inc.,
Paul Thompson, Anthony Amandi, John T. Wyatt, Jean
Desravines, Christine Deputy, Michael Nuzzo, Benjamin Russell,
Joel Schwartz, Alyssa Waxenberg and Preston Grasty*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IN RE KINDERCARE LEARNING COMPANIES, INC. SECURITIES LITIGATION | Case No.  3:25-cv-01424-AR<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF KINDERCARE DEFENDANTS' MOTION TO DISMISS** |

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ..................................................................................................... 2

      A.    The Court May Consider Documents Incorporated by Reference into the
             AC (Exhibits 1–9) ................................................................................ 2

      B.    The Court Also May Take Judicial Notice of Publicly Available
             Information (Exhibits 1–11) ................................................................ 4

III.    CONCLUSION ................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Century Aluminum Co. Securities Litigation*,
749 F.Supp.2d 964 (N.D. Cal. 2010) ........................................................................................5

*County of Santa Clara v. Trump*,
267 F.Supp.3d 1201 (N.D. Cal. 2017) .......................................................................................5

*Dreiling v. American Express Co.*,
458 F.3d 942 (9th Cir. 2006) ..................................................................................................4, 5

*In re Eventbrite, Inc. Securities Litigation*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) .....................................................................2, 3, 4

*Hong v. Extreme Networks, Inc.*,
2017 WL 1508991 (N.D. Cal. Apr. 27, 2017) ...........................................................................5

*Kang v. Paypal Holdings, Inc.*,
620 F.Supp.3d 884 (N.D. Cal. 2022) ........................................................................................3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ..........................................................................................1, 2, 3, 4

*Lowe v. Lifestyle Publications, LLC*,
2019 WL 1500665 (C.D. Cal. Apr. 5, 2019) .............................................................................6

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008) ..................................................................................................4

*In re NVIDIA Corp. Securities Litigation*,
768 F.3d 1046 (9th Cir. 2014) ..................................................................................................2

*Oklahoma Firefighters Pension & Retirement System v. IXIA*,
50 F.Supp.3d 1328 (C.D. Cal. 2014) ........................................................................................5

*Plevy v. Haggerty*,
38 F.Supp.2d 816 (C.D. Cal. 1998) ..........................................................................................4

*Prime Healthcare Services, Inc. v. Harris*,
216 F.Supp.3d 1096 (S.D. Cal. 2016) .......................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ..................................................................................................................1

*Tikhonova v. U.S. Department of State*,
2023 WL 5110925 (N.D. Cal. Aug. 9, 2023) ............................................................................5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ..................................................................................5

*Waterford Township Police v. Mattel, Inc.*,
  321 F.Supp.3d 1133 (C.D. Cal. 2018) ....................................................................5

*Welgus v. TriNet Group, Inc.*,
  2017 WL 6466264 (N.D. Cal. Dec. 18, 2017)........................................................5

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ..................................................................................1

## Other Authorities

Federal Rules of Evidence
  201..........................................................................................................................1
  201(b)...................................................................................................................2, 4

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants KinderCare Learning Companies, Inc. (KinderCare), Paul Thompson, Anthony Amandi, John T. Wyatt, Jean Desravines, Christine Deputy, Michael Nuzzo, Benjamin Russell, Joel Schwartz, Alyssa Waxenberg, Preston Grasty (collectively, KinderCare Defendants) hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below in support of KinderCare Defendants' Motion to Dismiss the Amended Complaint (Motion to Dismiss or MTD), which are attached to the accompanying Declaration of Heather M. Speers in Support of KinderCare Defendants' Motion to Dismiss (Speers Declaration).[1]

## I.    INTRODUCTION

The Court should consider **Exhibits 1–11** when resolving the Motion to Dismiss because, as detailed below, they are incorporated by reference, subject to judicial notice, or both. Incorporation by reference and judicial notice are "exceptions" that allow courts to consider "matters outside the pleading[s]." *Khoja v. Orexigen Theras.*, 899 F.3d 988, 998 (9th Cir. 2018). Importantly, when evaluating securities fraud complaints, courts "***must*** consider the complaint in its entirety, as well as…documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007); *see also Zucco Partners v. Digimarc*, 552 F.3d 981, 991 (9th Cir. 2009) (same).

KinderCare Defendants tailor this request to pertinent information covered in eleven exhibits. Nine are incorporated by reference into the AC, as Plaintiffs rely on the underlying sources to support falsity. The remaining two exhibits are offered for facts not subject to reasonable

---

[1] "¶" refers to the paragraphs of the Amended Complaint (AC), Doc. 81. "Exhibit" and "Ex." refer to exhibits to the concurrently filed Speers Declaration. Unless otherwise noted, emphasis is added; citations, quotation marks, and alterations are omitted.

PAGE 1 - REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II.    ARGUMENT

For the reasons discussed below, the Court may consider **Exhibits 1–9** under the incorporation by reference doctrine, and take judicial notice of **Exhibits 1–11**.

### A.    The Court May Consider Documents Incorporated by Reference into the AC (Exhibits 1–9)

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.*

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Sec. Litig.*, 768 F.3d 1046, 1058-58 n.10 (9th Cir. 2014). While an incorporated document may not be used "to dispute or create a defense to a *well-pled* fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original).

Importantly, *Khoja* does not "eradicate the rule that alleged false statements must be analyzed in context." *Id.* Thus, to the extent a document incorporated by reference contains alleged misstatements, it is appropriate for Defendants and the Court to consider other portions of the document. *Id.* After all, as *Khoja* recognized, the incorporation by reference doctrine exists to "preven[t] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at

1002. Thus, to the extent Plaintiffs rely on a document to support their claims, they cannot oppose the Court's consideration of the *entire* document.

Here, Plaintiffs explicitly refer to **Exhibits 1–9** to support their allegations:

**Exhibit 1** is the SEC filing central to this litigation that contains *every* challenged statement at issue. As such, there can be no dispute that this document is incorporated by reference. And the Court's consideration of it is eminently proper because "an alleged misstatement must be read in light of its surrounding text, including hedges, disclaimers, and apparently conflicting information." *Eventbrite*, 2020 WL 2042078, at *11 (quoting *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)). Defendants use this document for precisely that purpose: to allow the Court to "to assess the veracity of the challenged statement in context." *Kang v. Paypal Holdings*, 620 F.Supp.3d 884, 896 (N.D. Cal. 2022).

**Exhibits 2–9** are call transcripts, press releases, and articles on which Plaintiffs rely to support their falsity allegations. ¶¶17, 19, 289, 305, 322-23, 325-26, 327, 341-43, 345-47. As such, there can be no dispute that these documents are incorporated by reference. *Khoja*, 899 F.3d at 1005 (document is incorporated by reference if it "*forms the basis of* the plaintiff's claim.").

- **Exhibits 2, 4, 6, and 8** are transcripts of KinderCare's earnings calls cited in the AC. ¶¶17, 19, 305, 322, 325-26, 341-42, 345-47. Plaintiffs claim these transcripts "demonstrate that [KinderCare's] Offering Documents were materially false and misleading at the time of the IPO." AC at 120 (section heading). Accordingly, it is proper for the Court to consider the documents for any purpose, except to create a dispute of a well-pled fact. Defendants cite this document to provide additional context surrounding those statements, not to create a factual dispute.

- **Exhibits 3, 5, and 7** are analyst reports cited in the AC to support falsity. ¶323, 327, 343.

PAGE 3 - REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

Defendants cite these documents to provide additional context surrounding the quoted excerpts. The fact that KinderCare made these statements—not the underlying truth or falsity of them—is appropriate for the Court to consider.

- **Exhibit 9** is a press release issued by the Massachusetts Attorney General, on which the AC relies to show falsity of KinderCare's statements regarding employee engagement and staffing. ¶¶249, 289. Defendants cite this exhibit to provide additional context that Plaintiffs omitted.

*          *          *

Accordingly, **Exhibits 1–9** are incorporated by reference into the AC and the Court may consider them in their entirety to avoid the danger of deliberate omission of information unhelpful to Plaintiffs. *Khoja*, 899 F.3d at 1002; *Eventbrite*, 2020 WL 2042078, at *7.

**B.      The Court Also May Take Judicial Notice of Publicly Available Information (Exhibits 1–11)**

All exhibits also are subject to judicial notice. Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820-21 (C.D. Cal. 1998). Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, each exhibit falls into one or more of the categories of documents that are routinely considered the proper subject of judicial notice:

**Exhibits 1 and 11 are SEC filings.** *See, e.g.*, *Metzler Inv. v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings); *Dreiling v. Am. Express*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *Welgus v. TriNet Grp.*, 2017 WL 6466264, at *5

(N.D. Cal. Dec. 18, 2017) (same). Defendants cite **Exhibit 11** only to show what McDonald's Corporation has publicly stated and when, and not for the truth of the matters asserted therein.

**Exhibits 2, 4, 6, and 8 are earnings call transcripts.** *See, e.g.*, *Waterford Twp. Police v. Mattel*, 321 F.Supp.3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of earnings call transcripts); *Hong v. Extreme Networks*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (conference call transcripts); *In re Century Aluminum Sec. Litig.*, 749 F.Supp 2d 964, 979-80 (N.D. Cal. 2010) (conference calls with analysts).

**Exhibits 3, 5, and 7 are analyst reports quoted in the AC.** *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F.Supp.3d 1328, 1349 (C.D. Cal. 2014) (taking judicial notice of analyst reports).

**Exhibits 9 and 10 are from government websites. Exhibit 9** is a press release by the Massachusetts Attorney General. Judicial notice of the facts stated therein is proper because they are "readily determined." *Cnty. of Santa Clara v. Trump,* 267 F.Supp.3d 1201, 1217 nn. 9-10 (N.D. Cal. 2017) (taking judicial notice of news articles that contained statements of government officials); *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (courts may take judicial notice of "reports of administrative bodies"); *Tikhonova v. U.S. Dep't of State*, 2023 WL 5110925, at *1 n.1 (N.D. Cal. Aug. 9, 2023) (the court may take judicial notice of "statements of government officials or entities that are not subject to reasonable dispute"); *Prime Healthcare Servs. v. Harris*, 216 F.Supp.3d 1096, 1105 n.11 (S.D. Cal. 2016) (taking judicial notice of statements made by attorney general's office because they "are publicly available government records that are not subject to reasonable dispute and whose accuracy cannot be reasonably questioned"). **Exhibit 10** is the U.S. Department of Labor's webpage of historical minimum wage rates. Judicial notice of the facts contained therein is proper as minimum wage is a matter of public record, "the accuracy of which

cannot reasonably be questioned." *Lowe v. Lifestyle Publn's.*, 2019 WL 1500665, at *2 n.2 (C.D. Cal. Apr. 5, 2019) (taking judicial notice of California minimum wage).

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 1–9** under the incorporation by reference doctrine and take judicial notice of **Exhibits 1–11**.

Dated:  April 7, 2026

/s/ *Koji F. Fukumura*
COOLEY LLP
KOJI F. FUKUMURA, *pro hac vice*
kfukumura@cooley.com
HEATHER M. SPEERS, *pro hac vice*
hspeers@cooley.com
CRISTINA M. FERRUOLO, *pro hac vice* pending
cferruolo@cooley.com
10265 Science Center Drive
San Diego, CA 92121
Telephone: 858.550.6000

TARA E. LEVENS, *pro hac vice*
tlevens@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650.843.5000

BALLARD SPAHR LLP
BRUCE H. CAHN, OSB No. 935450
cahnb@ballardspahr.com
RYAN O'HOLLAREN, OSB No. 231160
ohollarenr@ballardspahr.com
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Telephone: 503.778.2100

*Attorneys for Defendants KinderCare Learning Companies, Inc., Paul Thompson, Anthony Amandi, John T. Wyatt, Jean Desravines, Christine Deputy, Michael Nuzzo, Benjamin Russell, Joel Schwartz, Alyssa Waxenberg, and Preston Grasty*