Eryn Karpinski Hoerster, OSB # 106126
**FOSTER GARVEY PC**
121 SW Morrison St., 11th Floor
Portland, OR 97204
Telephone: 503-228-3939
Fax: 503-226-0259
eryn.hoerster@foster.com

*Attorneys for Defendant Partners Group (USA) Inc.*
[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| IN RE KINDERCARE LEARNING COMPANIES, INC. SECURITIES LITIGATION | Case No. 3:25-CV-01424-AR <br><br> **DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS** <br><br> **Request for Oral Argument** |

**LR 7-1 CERTIFICATE OF COMPLIANCE**

Undersigned counsel for Partners Group (USA) Inc. ("PGUSA") hereby certifies that she conferred with Plaintiffs' counsel, but the parties could not resolve the issues presented by this motion.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), PGUSA joins in ECF No. 99 and also moves herein to dismiss Count III of Plaintiffs' Consolidated Amended Complaint for failure to state a claim.

**MEMORANDUM OF LAW**

Plaintiffs' claim against PGUSA is built on labels, not facts, and therefore should be dismissed as a matter of law.

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

The sole claim against PGUSA is brought under Section 15 of the Securities Act of 1933 alleging that PGUSA "controlled" KinderCare Learning Companies, Inc. ("KLC" or "KinderCare")—but the amended complaint ("AC") never alleges *any* control.  There are no allegations that PGUSA directed KLC's management, determined its policies, or had any hand in preparing the statements Plaintiffs challenge.  Instead, the AC points to stock ownership by affiliated investment funds, board appointments, and stock exchange labels, and then asks the Court to infer "control" without ever explaining how, if at all, PGUSA actually controlled KLC.[1]

That is not the law in this Circuit.  Indeed, the Ninth Circuit has been clear that to state a control person claim, Plaintiffs must plead (1) a primary violation of federal securities laws and (2) that the defendant exercised *actual* power or control over the primary violator.  Here, because Plaintiffs have done neither, the claim against PGUSA should be dismissed.

## I.    THE AMENDED COMPLAINT DOES NOT STATE A PRIMARY VIOLATION

To state a "control person" claim under Section 15, Plaintiffs must first plead an underlying violation of the Securities Act.  15 U.S.C. § 77o.  However, for the reasons outlined in KinderCare's motion to dismiss—which PGUSA joins—Plaintiffs have not pled any violation of the Securities Act.  Accordingly, the Section 15 claim against PGUSA must be dismissed.  *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) ("Because Plaintiff here has failed to adequately plead a violation of the federal securities laws, it follows that Plaintiff also has failed to adequately plead violations of . . . section 15.").  If the Court dismisses the claims against KinderCare, it need not reach the rest of this Motion.

---

[1] PGUSA is a representative defendant appearing on behalf of various investment funds that were advised and/or managed by PGUSA or one of its affiliates, with each fund holding varying amounts of KLC stock.  ECF No. 74.  PGUSA itself is not alleged to have held any KLC stock.

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

## II.    THE AMENDED COMPLAINT DOES NOT PLEAD CONTROL OVER KLC

Plaintiffs' claim also fails for the independent reason that the AC fails to plead that PGUSA (or any of the entities on whose behalf it appears) exercised actual control over KLC at the time of its initial public offering ("IPO").

In evaluating a motion to dismiss, the Court "accepts as true all well-pled factual allegations," but need "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Bao v. Solarcity Corp.*, 2015 WL 1906105, at *2, *5 (N.D. Cal. Apr. 27, 2015) (dismissing control person claim).  And although the control inquiry can sometimes involve a question of fact, courts routinely dismiss control person claims where, as here, the complaint alleges so little that it is insufficient as a matter of law.  *See, e.g.*, *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1200-02 (D. Or. 2015) (dismissing control person claims against nine defendants); *see also State Tchrs. Ret. Sys. of Ohio v. Zoominfo Techs. Inc.*, 2025 WL 3013683, at *28 (W.D. Wash. Oct. 28, 2025) (dismissing control person claims against alleged controlling shareholders).

Therefore, to survive dismissal, Plaintiffs must plead discernible facts showing "that the defendant exercised *actual power or control* over the primary violator." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (emphasis added).[2]  In other words, Plaintiffs must show that PGUSA could (and did) "control 'management and policies' of the company or 'direct its day-to-day affairs.'" *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1052-53 (N.D. Cal. 2019); *In re*

---

[2] *Howard* concerned claims under Section 20(a) of the Securities Exchange Act of 1934, which is the analog in that statute to Section 15 of the Securities Act of 1933.  "[T]he controlling person analysis is the same" under Section 20(a) and Section 15.  *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (en banc).

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

*Tezos Sec. Litig.*, 2018 WL 4293341, at *10 (N.D. Cal. Aug. 7, 2018) ("[I]t is clear the Ninth Circuit requires some assertion of a defendant's 'day-to-day' interaction with a company for a Section 15 claim to stand."). As one court in this District explained, when plaintiffs "allege no facts that [defendants] were involved in the day-to-day operations," or controlled the company's "management and policies, [] investor and public relations, or the articles or SEC filings," control person claims must be dismissed. *Galena*, 117 F. Supp. 3d at 1200, 1202.

That is precisely the case here where the AC is bereft of factual allegations as to how PGUSA purportedly exercised "day-to-day control" over KinderCare at the time of its IPO. It alludes generically to (though provides no factual bases for) control by PGUSA "through various transactions and agreements with KinderCare" and "its historical relationship with the Company and its management." AC ¶ 390.[3] But that is not enough. The Ninth Circuit has repeatedly held that the control person "inquiry must revolve around the 'management and policies' of the corporation, not around discrete transactions." *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1162-63 (9th Cir. 1996) (no control liability for lender that had a "strong hand" in debt offering at issue) (citation omitted).

Indeed, the AC makes no effort to plead what the Ninth Circuit has labeled one of the leading "indicia" of control—*i.e.*, that PGUSA "was involved in the formulation of financial statements" for KinderCare. *S.E.C. v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011). To state a control person claim, "the plaintiff must allege specific facts concerning a defendant's

---

[3] The AC never specifies any of the "transactions and agreements" that purportedly demonstrate the requisite control of day-to-day operations. The only agreement referenced in the AC is one by which PGUSA "provided management and advisory services" to KLC prior to the IPO. AC ¶¶ 50-51. However, PGUSA is not alleged to have held any KLC stock and "provision of services [to KLC] is not an indicator of control." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 790, 810 (C.D. Cal. 2004).

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

responsibilities within the company that demonstrate his involvement in the day-to-day affairs of the company or specific control over the preparation and release of the allegedly false and misleading statements." *Bao*, 2015 WL 1906105, at \*5 (defendant's provision of "high level guidance" did not amount to control). The mere contention that PGUSA had "access to all information relevant to KinderCare's business and affairs" at the time of the IPO is insufficient. *See Golub*, 372 F. Supp. 3d at 1053 (alleged control person's "access" to "assets, properties, books and records, and personnel did not grant it control over those things").

Rather than offering any meaningful allegations of PGUSA's actual control over KinderCare's operations, much less the statements at issue in this case, Plaintiffs try to imply control from the fact that various investment funds managed and/or advised by PGUSA and other affiliates of non-party Partners Group Holding AG ("PGH") held a substantial amount of KLC stock. However, these allegations are insufficient as a matter of law to show that any specific investment fund—or a group of them acting together—exercised the requisite day-to-day control over KLC's operations.

*First,* Plaintiffs allege that PGUSA "held a 90% controlling interest in KinderCare" before the IPO. AC ¶ 49. This glosses over the reality that PGUSA itself did not hold any KLC stock. Rather, as the AC acknowledges, it was a series of distinct "funds affiliated with, advised by, and/or managed by PGUSA and other affiliates" of PGH that invested in KinderCare. *Id.* ¶ 48. Indeed, the offering documents disclosed that this ownership interest was held by seven different investment vehicles and identified each of their management structures. Ex. 1 (Registration Statement) at 165-66.[4] The AC never alleges how any of these investment funds, each with

---

[4] This exhibit is attached to the accompanying Declaration of Heather Speers and supported by the request for judicial notice and incorporation by reference accompanying KinderCare's motion to dismiss, which PGUSA joins.

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

different outside investors and different management structures, acted together (or independently for that matter) to control KinderCare.  The law is clear that a plaintiff may not allege control merely by adding up the percentages of stock holdings owned by separate stockholders.  Such "allegations of control by virtue of collective ownership are conclusory and unconvincing" absent additional pleaded facts that the various stockholders "acted together to control" the primary defendant.  *Fouad v. Isilon Sys., Inc.*, 2008 WL 5412397, at \*13 (W.D. Wash. Dec. 29, 2008) (dismissing control person claims against three venture capital firms); *see also Shankar v. Zymergen Inc.*, 2022 WL 17259057, at \*3 (N.D. Cal. Nov. 29, 2022) (dismissing Section 15 claim lacking "sufficient allegations to suggest that the 'Controlling Stockholders' acted in concert"); *LLDVF, L.P. v. Dinicola*, 2010 WL 3210613, at \*12 (D.N.J. Aug. 12, 2010) ("[A] contrary holding would mean that any shareholder, no matter how small, could be grouped with others to form a majority control group, even absent any allegations or facts supporting that shareholder's actual control.").[5]  Because Plaintiffs do not offer any factual allegations that the seven funds shared the same investment objectives and acted in concert to control KLC, the AC does not allege that any of these KLC stockholders became a "control person" for purposes of Section 15.

*Second*, PGUSA's appointment of five of eight members of the KLC board of directors, including three directors who were PGUSA employees (AC ¶¶ 40, 41, 43, 49), also does not show control.  The Court "cannot assume" that PGUSA's designees on the board were "acting on behalf of" PGUSA "in their capacity as [KinderCare] directors."  *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013).  That is because directors owe "fiduciary duties to

---

[5] The fact that the KLC stock was held by numerous investment vehicles each with their own management structure such that it was easiest to arrange for PGUSA to appear as a representative defendant rather than name each entity as a party (AC ¶ 47 n.4) further underscores the lack of any single controlling entity here.

6

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

[the issuer's] shareholders," not to the company that appointed them. *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 580-81 (S.D.N.Y. 2012) (dismissing Section 15 claim against a large shareholder fund that appointed a director to the board "absent any facts undermining the assumption that she acted in accordance with her duties" to the company rather than the shareholder who appointed her); *see In re Glob. Crossing, Ltd. Sec. Litig.*, 2005 WL 1881514, at *13 (S.D.N.Y. Aug. 5, 2005) (similar).[6]

*Third*, KinderCare's disclosure that it expected to be a "controlled company" within the meaning of New York Stock Exchange ("NYSE") rules likewise does not demonstrate control. Rather, this is a required disclosure to make investors aware that KinderCare could elect "not to comply with certain corporate governance requirements" for its board and committees. AC ¶¶ 51, 96; Ex. 1 (Registration Statement) at 53. The NYSE disclosure is "largely irrelevant in determining whether the complaint alleges control person liability" because the NYSE is a self-regulatory organization whose governance rules are distinct from the securities laws. *Kosmos*, 955 F. Supp. 2d at 676-77. Equally irrelevant is KinderCare's disclosure that various investment funds affiliated with, advised by, and/or managed by PGUSA and other affiliates of PGH "currently control[] the election of our directors" and "could" exercise a controlling interest after the IPO over matters such as "appointment of our management" and "other corporate transactions." AC ¶ 49; Ex. 1 (Registration Statement) at 8, 52. Plaintiffs must plead facts showing that PGUSA

---

[6] Cases like *No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920 (9th Cir. 2003) do not compel a different result. There, plaintiffs alleged majority stockholders had the power to elect a majority of the corporation's directors, but also (unlike here) exercised their ownership interests to (i) help take a company out of bankruptcy, (ii) obtain "supervoting" shares with 50 times more voting power than public common shares, (iii) influence the company to issue false statements, and (iv) then engage in "massive insider trading." *Id.* at 925, 927, 938. The AC pleads no comparable facts as to control by PGUSA (or any entity) over KinderCare's day-to-day operations.

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

exercised control over KinderCare at the time of the IPO—not at some unspecified time in the future when KinderCare hypothetically might be considering hiring a new executive or pursuing a corporate transaction. At most, the AC pleads that PGUSA had the power to exert substantial influence over KinderCare through strategic, high-level oversight. But "[s]ubstantial influence is not the same as actual control, and 'actual control is essential to control person liability.'" *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740-42 (S.D.N.Y. 2015). The AC's failure to plead exercise of actual control through involvement in KLC's day-to-day operations is fatal to Plaintiffs' Section 15 claim against PGUSA.

## CONCLUSION

For the foregoing reasons, as well as those set out in KinderCare's motion to dismiss, Plaintiffs' claim against PGUSA should be dismissed.

Dated: April 7, 2026

Respectfully submitted,


By: */s/ Eryn Karpinski Hoerster*
Eryn Karpinski Hoerster, OSB # 106126
**FOSTER GARVEY PC**
121 SW Morrison St #1100,
Portland, OR 97204
Telephone: 503-228-3939
Fax: 503-226-0259
eryn.hoerster@foster.com

**LATHAM & WATKINS LLP**
Jeff G. Hammel (*pro hac vice*)
Jason C. Hegt (*pro hac vice*)
Melange T. Gavin (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-906-1200
Fax: 212-751-4864
jeff.hammel@lw.com
jason.hegt@lw.com
melange.gavin@lw.com

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

Lauren C. Barnett (*pro hac vice*)
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Telephone: 424-653-5500
Fax: 424-653-5501
lauren.barnett@lw.com

*Attorneys for Defendant Partners Group (USA) Inc.*

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, April 7, 2026, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Eryn Karpinski Hoerster*
Eryn Karpinski Hoerster

DEFENDANT PARTNERS GROUP (USA) INC.'S MOTION TO DISMISS