**STOLL STOLL BERNE**
**LOKTING & SHLACHTER P.C**
Timothy S. DeJong, OSB No. 940662
Keith A. Ketterling, OSB No. 913368
Cody Berne, OSB No. 142797
Chloe Jasper, OSB No. 253957
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: tdejong@stollberne.com
kketterling@stollberne.com
cberne@stollberne.com
cjasper@stollberne.com

*Liaison Counsel for*
*Lead Plaintiff and the Class*

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| IN RE KINDERCARE LEARNING COMPANIES, INC. SECURITIES LITIGATION | Case No. 3:25-cv-01424-AR<br>CLASS ACTION ALLEGATION<br>**PLAINTIFFS' OPPOSITION TO KINDERCARE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

Lead Plaintiff") and additional named Plaintiff Venkata Surya Teja Gollapalli's ("Gollapalli") (collectively with Lead Plaintiff, "Plaintiffs") respectfully submit this response and objection to documents that may be considered in the KinderCare Defendants' Motion to Dismiss the Consolidated Amended Complaint (ECF 99) ("Mot." or "Motion").

## I. INTRODUCTION

Properly used, the doctrines of incorporation by reference and judicial notice have a role during the pleading stage, but the "overuse and improper application of [these] doctrine[s] . . . can lead to unintended and harmful results." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). In *Khoja*, the Ninth Circuit specifically warned against Defendants in securities cases trying to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.*

Here, Defendants[1] ask the Court to incorporate by reference or judicially notice eleven exhibits, the majority of which are referenced only in passing in the AC[2] and are not integral to Plaintiffs' allegations, and two of which are not referenced in the AC at all. They do so in an attempt to recast Plaintiffs' well-pleaded factual allegations and create their own version of the "facts." While certain documents may be considered for the limited purpose of assessing what Defendants told the market and confirming the accuracy of Plaintiffs' allegations, Defendants'

---

[1] "KinderCare Defendants" collectively refers to KinderCare Learning Companies, Inc. ("KinderCare" or the "Company"); the "Individual Defendants" who signed the Registration Statements, ¶¶34-46; the "Underwriter Defendants" who underwrote KinderCare's initial public offering (the "IPO" or "Offering"), ¶¶52-72 and who filed a Notice of Joinder to the Motion (ECF 103); and "Partners Group" (¶¶47-51), the entity that controls KinderCare and that filed a motion to dismiss and joinder to the Mot. (ECF 102).

[2] "AC" refers to the Consolidated Amended Complaint for Violations of the Federal Securities Laws (ECF 81); all "¶__" or "¶¶__" references are to the AC.

characterization of their contents and any conclusions Defendants draw from them should be rejected. Accordingly, Plaintiffs do not oppose incorporation by reference of Exs. 1, 3, 5, 7, and 9; Plaintiffs do oppose incorporation of Exs. 2, 4, 6, 8, 10, and 11, which were referenced only incidentally in the Amended Complaint or not referenced at all. The Court should decline judicial notice of Exs. 1-11 because Defendants fail to identify the facts they seek to notice, or Defendants seek to use the documents improperly to dispute the facts of the AC.

## II. LEGAL STANDARD

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001);[3] *Khoja*, 899 F.3d at 1003 (A court must "'accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff'" at a motion to dismiss.). There are two limited exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Rule 201 of the Federal Rules of Evidence. *Khoja*, 899 F.3d at 998. Nonetheless, the principle remains the same: neither incorporation by reference nor judicial notice is the proper vehicle for resolving legitimate factual disputes. *Id.* at 999.

***Incorporation by Reference***: Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. A document may only be incorporated by reference if "'the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* However, "if the document merely creates a defense to the well-pled allegations in the complaint, then that

[3] Unless otherwise specified, all internal citations are omitted, and emphasis is added. All capitalized terms not otherwise defined herein have the same meaning set forth in the Amended Complaint.

document did not necessarily form the basis of the complaint." *Id.* The Ninth Circuit has therefore cautioned that the incorporation by reference doctrine "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. Thus, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because doing so would prevent the plaintiffs from having an opportunity to respond to the defendant's "newly-expanded version of the complaint." *Id.*

***Judicial Notice***: Pursuant to Rule 201(b) of the Federal Rules of Evidence, a court "may judicially notice a[n] [adjudicative] fact that is not subject to reasonable dispute." *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). Adjudicative facts are those "'concerning the immediate parties – who did what, where, when, how, and with what motive or intent,'" *i.e.*, "'the facts that normally go to the jury in a jury case.'" Fed. R. Evid. 201 Advisory Committee Note. A fact that is not subject to reasonable dispute is one that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Judicial notice is, therefore, constrained to those rare instances where certain matters cannot be seriously challenged, such as: "'(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958.'" *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2008 WL 346421, at *8 (S.D. Cal. Feb. 6, 2008). Judicial notice is ***not***, however, the proper vehicle to resolve legitimate factual disputes. While a court may also take judicial notice of "'matters of public record,'" it "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see Lee*, 250 F.3d at 689.

## III. ARGUMENT

### A. Incorporation by Reference

#### 1. Exhibits 1, 3, 5, 7 and 9

Defendants seek to incorporate by reference several documents cited in the Amended Complaint: KinderCare's Registration Statement (Ex. 1), analyst reports (Exs. 3, 5, and 7), and a press release by nonparty Massachusetts Attorney General (Ex. 9). Plaintiffs do not oppose this request so long as the documents are not used as a basis to improperly challenge Plaintiffs' well-pleaded allegations. *See Khoja*, 899 F.3d at 998, 1002-03 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *see, e.g.*, *Peters v. Twist Bioscience Corp.*, 2025 WL 2532671, at *4 (N.D. Cal. Sep. 3, 2025) (granting incorporation by reference but declining to "assume the truth of" of disputed factual assertions therein); *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. May 13, 2025) (granting incorporation by reference "subject to *Khoja*'s restrictions").

"'[T]o the extent the court ***can*** take judicial notice of press releases and news articles, it can do so only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."'" *Meekins v. Chipotle Servs., LLC*, 2018 WL 6503498, at *3 (C.D. Cal. Dec. 11, 2018) (emphasis in original). In other words, while the Court can take judicial notice of analyst reports, publicly accessible websites, and news articles, Defendants cannot use them to resolve factual disputes against Plaintiffs' well-pleaded allegations. *See Khoja*, 899 F.3d at 999.

#### 2. Exhibits 2, 4, 6 and 8

Defendants ask the Court to incorporate by reference earnings call transcripts (Exs. 2, 4, 6, and 8) purportedly "to provide additional context" to Plaintiffs' allegations. Defendants' Request

for Judicial Notice and Incorporation by Reference in Support of KinderCare Defendants' Motion to Dismiss (ECF 101) at 3. In reality, Defendants cite these Exhibits ***exclusively in their recitation of facts***—a transparently improper attempt to create an alternative narrative in which KinderCare outperformed expectations (it did not) and convenient excuses explain KinderCare's flailing since the IPO. Mot. at 8-9. But Defendants cannot base dismissal on their own version of the "truth," and cannot use these Exhibits to ignore the well-pleaded facts in Plaintiffs' AC or to further self-serving explanations. Such use is inappropriate for judicial notice and incorporation by reference. *See Khoja*, 899 F.3d at 999 (Defendants may not "present their own version of the facts at the pleading stage."); *Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4-*6 (N.D. Cal. Feb. 23, 2023) (improper to accept the truth of matters in judicially noticed documents); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (declining to judicially notice documents to the extent Defendants seek to rely on them to adopt their own version of the facts at the pleading stage).

### B. Judicial Notice

#### 1. Exhibits 1-9

Defendants' request that the Court take judicial notice of Exs. 1-9 is improper because Defendants ask the Court to take judicial notice without identifying the specific facts within those documents that are the subject of their request. If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document. *Khoja*, 899 F.3d at 999 ("[A]ccuracy is only part of the inquiry . . . . A court must also consider – and identify – which fact or facts it is noticing."). Courts in the Ninth Circuit have regularly declined to take judicial notice on such grounds. *See*, *e.g.*, *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024) ("Although it is clear that Defendants want this Court to take judicial

notice of the contents, and not merely the existence, of these documents, Defendants' RJN does not identify any particular facts.").

To the extent these Exhibits can be considered, Defendants cannot use them "to present their own version of the facts at the pleading stage." *See Khoja*, 899 F.3d at 999; *see also Alghazwi v. Beauty Health Co.*, 801 F. Supp. 3d 982, 1001 (C.D. Cal. 2025) (denying request to judicially notice SEC forms, "to the extent they ask the Court to notice the truth of the stock sales disclosed in the SEC Forms 4 for purposes of negating scienter").

**2. Exhibits 10 and 11**

Defendants' requests to judicially notice the U.S. Dept. of Labor's webpage of historical minimum wage rates (Ex. 10) and an SEC filing of McDonald's Corporation ("McDonald's") (Ex. 11) should be rejected. Defendants improperly offer these irrelevant documents to dispute facts and support inferences that are improper at this stage.

Defendants' use of Ex. 10 is improper. First, using Ex. 10 to challenge the accuracy of FEs' testimony (Mot. at 25), is improper because it asks the Court to rely on Ex. 10 for the truth of its contents. *Peters*, 2025 WL 2532671, at *3 (granting judicial notice for SEC filings but "'not to prove the truth of the documents' contents'"). Second, Defendants ask the Court to draw inferences regarding Plaintiffs' allegations based on historical federal minimum wage rates. Mot at 25-26. For example, Defendants cite Ex. 10 in an attempt to undercut Plaintiffs' allegations that KinderCare paid low wages relative to market rate for the childcare industry and specific locales. ¶¶250-283; Mot. at 25-26. Such use serves no other purpose than to put facts into dispute, which is improper at this stage. *See*, *e.g.*, *Doximity*, 2025 WL 1449598, at *2 (declining judicial notice of SEC filings as "an attempt to characterize the facts at the pleadings stage and put facts in dispute"). While the Court may notice that the Department of Labor published historical minimum

wage rates, it may not accept the documents to prove their truth, nor the significance Defendants ascribe to their contents.

Similarly, Defendants cannot use Ex. 11, an SEC filing of an unrelated company in an unrelated industry which was not cited in Plaintiffs' AC and is on its face irrelevant to KinderCare and to the allegations at hand. The proposition that McDonald's discloses similar risks to their investors has no bearing on whether a reasonable investor would find KinderCare's risk disclosures misleading. Mot at 31. Defendants bizarrely assert McDonald's is a "similarly situated compan[y]," Mot. at 31, implying that the provision of fast food in a franchise business model is somehow similarly situated to private-equity controlled early childhood education services. Defendants then improperly ask the Court to make inferences about how an investor would interpret McDonald's risk disclosures and to make inferences about KinderCare's disclosures by analogy. These arguments overstep the boundaries of the proper application of judicial notice and the incorporation-by-reference doctrine. At this stage, extraneous documents may not be used to support inferences as to the falsity or materiality of alleged false statements—particularly not inferences as far-fetched as those made by Defendants here. Ex. 11 is not relevant and should not be considered at all. *See N.L.R.B. v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1249, n.51 (C.D. Cal. 2014) (declining to notice irrelevant documents); *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2022) (declining to judicially notice exhibits, including SEC filings, that did not materially bear on plaintiff's theories).

## IV. CONCLUSION

For the foregoing reasons, the Court should either decline Defendants' request or not accept as true the disputed information contained in these Exhibits.

DATED: June 5, 2026

/s/ Lauren A. Ormsbee
Lauren A. Ormsbee (admitted *pro hac vice*)
Jesse L. Jensen (admitted *pro hac vice*)
Alexandra E. Forgione (admitted *pro hac vice*)
Jacqueline E. Lacovara (admitted *pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: lormsbee@labaton.com
jjensen@labaton.com
aforgione@labaton.com
jlacovara@labaton.com

*Lead Counsel for Lead Plaintiff and the Class*

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C**
Keith A. Ketterling, OSB No. 913368
Timothy S. DeJong, OSB No. 940662
Cody Berne, OSB No. 142797
Chloe Jasper, OSB No. 253957
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: kketterling@stollberne.com
tdejong@stollberne.com
cberne@stollberne.com
cjasper@stollberne.com

*Liaison Counsel for Lead Plaintiff and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
TAEVA C. SHEFLER (admitted *pro hac vice*)
SNEHEE KHANDESHI (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

*Attorneys for Additional Named Plaintiff Venkata Surya Teja Gollapalli*