**STOLL STOLL BERNE**
**LOKTING & SHLACHTER P.C**
Timothy S. DeJong, OSB No. 940662
Keith A. Ketterling, OSB No. 913368
Cody Berne, OSB No. 142797
Chloe Jasper, OSB No. 253957
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: tdejong@stollberne.com
kketterling@stollberne.com
cberne@stollberne.com
cjasper@stollberne.com

*Liaison Counsel for*
*Lead Plaintiff and the Class*

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| IN RE KINDERCARE LEARNING COMPANIES, INC. SECURITIES LITIGATION | Case No. 3:25-cv-01424-AR<br><br>CLASS ACTION ALLEGATION<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO THE MOTIONS TO DISMISS BY THE KINDERCARE DEFENDANTS AND PARTNERS GROUP** |

## I. INTRODUCTION

Pursuant to Rule 201(b) of the Federal Rules of Evidence and the incorporation-by-reference doctrine, and in connection with Lead Plaintiff City of Dearborn Police & Fire Revised Retirement System ("Lead Plaintiff") and additional named Plaintiff Venkata Surya Teja Gollapalli's ("Gollapalli") (collectively with Lead Plaintiff, "Plaintiffs") Opposition to Defendant Partners Group (USA) Inc.'s Motion to Dismiss and Opposition to KinderCare Defendants'[1] Motion to Dismiss and Joinders Thereto (collectively, "Opps."), Plaintiffs respectfully request that the Court take judicial notice of the following documents attached to the Declaration of Jesse Jensen in Support of Plaintiffs' Oppositions to the Motions to Dismiss by the KinderCare Defendants and Partners Group ("Jensen Decl." or "Jensen Declaration"), filed herewith:

Exhibit A: Registration Rights Agreement By and Among KinderCare Learning Companies, Inc. and the Stockholders Party Hereto, Exhibit 10.1 to Form S-1, dated October 7, 2024;

Exhibit B: Stockholders Agreement By and Among KinderCare Learning Companies, Inc. and the Stockholders Party Hereto, Exhibit 10.26 to Form S-1, dated October 7, 2024; and

Exhibit C: Letter to KinderCare and Partners Group from Senator Jeffrey A. Merkley, Ranking Member of the Senate Committee on the Budget, dated March 23, 2026.

## II. LEGAL STANDARD

"[I]n assessing securities fraud claims, 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

[1] Defendant KinderCare ("KinderCare") and Defendant Partners Group ("Partners Group") are co-defendants in this action. KinderCare and Partners Group filed separate motions to dismiss (ECF 99, 102).

which a court may take judicial notice.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[2] The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself." *Id.* at 1002. Documents are subject to incorporation by reference if plaintiffs refer to them "extensively" or they "form the basis" of the complaint. *Id.* (Cleaned up). A court may take judicial notice of a fact that is not "subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see In re Dermtech, Inc. Sec. Litig.*, 2024 WL 4941026, at *2 (S.D. Cal. Dec. 2, 2024) (taking judicial notice of an exhibit because it provides "appropriate context for assessing [p]laintiff's allegations"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) *overruled on other grounds*, *G.B. ex. rel. G.P. v. U.S. Env't Prot. Agency*, 172 F.4th 1042 (9th Cir. 2026) ("a court may take judicial notice of 'matters of public record'").

## III. ARGUMENT

### A. The Court Should Consider KinderCare's Filings with the United States Securities and Exchange Commission (Exhibits A & B)

Plaintiffs request that the Court consider Exhibits A and B, the Registration Rights Agreement and Stockholders Agreement, respectively, filed with the United States Securities and Exchange Commission ("SEC") as exhibits to Defendant KinderCare's Form S-1 Registration Statement on October 7, 2024.[3]

[2] Unless otherwise specified, all internal citations are omitted, and emphasis is added. All capitalized terms not otherwise defined herein have the same meaning set forth in the Consolidated Amended Complaint for Violations of the Federal Securities Laws ("AC") (ECF 81).

[3] All references to "Ex.__" or "Exs.__" herein are to exhibits attached to the Jensen Decl. filed forthwith; all references to "Defs' Ex.__" herein are in reference to exhibits attached to the

The Court may consider the contents of Exs. A and B because each of these documents is incorporated by reference in the AC. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). The AC refers extensively to the Registration Statement filed on October 7, 2024 with the SEC, which KinderCare admits is the "SEC filing central to this litigation." ECF 101 at 7. In turn, the Registration Statement references Exs. A and B extensively; indeed they are attached as exhibits.[4] Thus, they are properly considered part of the AC.

Moreover, the KinderCare Defendants moved this Court to incorporate by reference and judicially notice the Registration Statement as Defs' Ex. 1. However, Defs' Ex. 1 is incomplete because Defendants failed to include the attached exhibits, disregarding the requirement that judicially noticed documents be complete, and despite the document explicitly instructing investors to refer to the attached exhibits. Defs' Ex. 1 at 199; *see City of Mia. Gen. Emps.' & Sanitation Emps' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 at n.1 (N.D. Cal. 2018) (courts "frequently decline to take judicial notice of filings which are incomplete or truncated").

In addition to being incorporated by reference, Exs. A and B are independently subject to judicial notice because each was publicly filed with the SEC. *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019). Courts regularly notice "SEC filings, even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure

---

Declaration of Heather M. Speers in Support of KinderCare Defendants' Motion to Dismiss (ECF 100).

[4] KinderCare's Registration Statement explicitly directs investors to review the attached exhibits for complete information regarding the Offering. Defs' Ex. 1 at 199.

documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021). Plaintiffs request that the Court notice Exs. A and B for the facts regarding Partners Group's control of KinderCare contained therein. *See Khoja*, 899 F.3d at 1003 (publicly-disclosed reports properly subject to judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings properly subject to judicial notice).

### B. The Court Should Take Judicial Notice of Official Correspondence from the United States Senate Committee on the Budget (Exhibit C)

Plaintiffs request that the Court notice Ex. C, a letter from Senator Jeffrey A. Merkley on behalf of the Senate Committee on the Budget, sent to KinderCare and Partners Group and dated March 23, 2026. The letter is judicially noticeable for the fact that Senator Merkley performed (and is performing) an investigation into KinderCare and the Partners Group's controlling ownership of KinderCare, including seeking more information about KinderCare's safety practices and KinderCare's debt and dividend payments – all of which align near identically with the issues at hand in this action and the present Opps.

"[C]ourts routinely take judicial notice of letters published by the government." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016). The letter is publicly available on the United States Senate Committee on the Budget website, and the fact of its existence, and the facts contained therein, are not reasonably questioned. Indeed, the facts included in Ex. C are corroborated by KinderCare's own Defs' Ex. 1. *Compare* Ex. C at 4 ("KinderCare executed at least two large dividend payments to its owners, including Partners Group, financed by . . . a $320 million dividend in March 2024.") *with* Defs' Ex. 1 at 64 ("In March 2024, the Company effected a $320.0 million distribution to KC Parent, LP, which in turn effected a distribution to its equityholders."). *See Craven v. Shriners Hosps. for Child.*, 2023 WL 5237698, at *1 n.1 (D. Or.

Aug. 15, 2023) (letter from state's Board of Labor and Industries judicially noticeable as a "'record[] and report[] of [an] administrative bod[y]'"); *see also Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497 (N.D. Cal. 2017) (taking judicial notice of letter from Attorney General to California Chief Justice as an official government record); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 460 F. Supp. 2d 1185 (E.D. Cal. 2006) (taking judicial notice of letter from government agency to private entity as an official public record).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Request for Judicial Notice and Incorporation by Reference with regards to Exs. A, B, and C annexed to the Jensen Declaration.

DATED: June 5, 2026

Lauren A. Ormsbee
Lauren A. Ormsbee (admitted *pro hac vice*)
Jesse L. Jensen (admitted *pro hac vice*)
Alexandra E. Forgione (admitted *pro hac vice*)
Jacqueline E. Lacovara (admitted *pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: lormsbee@labaton.com
jjensen@labaton.com
aforgione@labaton.com
jlacovara@labaton.com

*Lead Counsel for Lead Plaintiff and the Class*

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C**
Keith A. Ketterling, OSB No. 913368
Timothy S. DeJong, OSB No. 940662
Cody Berne, OSB No. 142797
Chloe Jasper, OSB No. 253957
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Email: kketterling@stollberne.com
tdejong@stollberne.com
cberne@stollberne.com
cjasper@stollberne.com

*Liaison Counsel for Lead Plaintiff and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
TAEVA C. SHEFLER (admitted *pro hac vice*)
SNEHEE KHANDESHI (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

*Attorneys for Additional Named Plaintiff Venkata Surya Teja Gollapalli*