BALLARD SPAHR LLP
BRUCE H. CAHN, OSB No. 935450
cahnb@ballardspahr.com
RYAN O'HOLLAREN, OSB No. 231160
ohollarenr@ballardspahr.com
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Telephone: 503.778.2100

COOLEY LLP
KOJI F. FUKUMURA, *pro hac vice*
kfukumura@cooley.com
HEATHER M. SPEERS, *pro hac vice*
hspeers@cooley.com
CRISTINA M. FERRUOLO, *pro hac vice*
cferruolo@cooley.com
10265 Science Center Drive
San Diego, CA 92121
Telephone: 858.550.6000

TARA E. LEVENS, *pro hac vice*
tlevens@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650.843.5000

*Attorneys for Defendants KinderCare Learning Companies, Inc., Paul Thompson, Anthony Amandi, John T. Wyatt, Jean Desravines, Christine Deputy, Michael Nuzzo, Benjamin Russell, Joel Schwartz, Alyssa Waxenberg, and Preston Grasty*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE KINDERCARE LEARNING COMPANIES, INC. SECURITIES LITIGATION | Case No. 3:25-cv-01424-AR<br><br>**REPLY IN SUPPORT OF KINDERCARE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE** |

KinderCare Defendants ("Defendants") submit this reply in further support of their Request for Judicial Notice, ECF 101 ("RJN"), and in response to Plaintiffs' Opposition thereto, ECF 121 ("RJN Opposition" or "RJN Opp.").[1]

## I. INTRODUCTION

Plaintiffs' RJN Opposition provides no basis for the Court to disregard Defendants' exhibits. Indeed, Plaintiffs concede that five exhibits are incorporated by reference and do not dispute that all 11 are the types of documents routinely subject to judicial notice. Instead, they manufacture objections that misstate the governing doctrines, mischaracterize Defendants' use of the exhibits, or both. None has merit. The only improper use of exhibits in this case is by Plaintiffs themselves. They seek judicial notice of a letter from Senator Merkley to KinderCare—a document that is not cited anywhere in the Amended Complaint—to "corroborate" their allegations and inject "additional facts" beyond those alleged. Pltf.'s RJN 5. A motion to dismiss tests the sufficiency of the allegations as pled; it is not an invitation to supplement them. Defendants' Reply in support of KinderCare's Motion to Dismiss, filed contemporaneously, explains why the Merkley letter cannot cure Plaintiffs' pleading defects. That Plaintiffs feel compelled to introduce it speaks for itself: they do not believe the AC, standing alone, contains sufficient facts to sustain their claims.

## II. ARGUMENT

Exhibits 1 through 11 are properly before the Court and should be considered in resolving KinderCare Defendants' Motion to Dismiss.

[1] "¶" refers to the paragraphs of the Amended Complaint (AC), ECF 81. "Exhibit" and "Ex." refer to exhibits to the Speers Declaration, ECF 100. "Pltf.'s RJN" refers to Plaintiffs' Request for Judicial Notice, ECF 122. "Jensen Decl." or "Jensen Declaration" refers to the Declaration of Jesse Jensen in Support of Plaintiffs' Oppositions to the Motions to Dismiss, ECF 120. "Opp." or "Opposition" refers to Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF 119. Unless otherwise noted, emphasis is added and citations, quotation marks, and alterations are omitted.

**A. Exhibits 1-9 Are Incorporated by Reference**

Plaintiffs raise two categories of objections to incorporation by reference of Exhibits 1-9. Both fail.

**Exhibits 1, 3, 5, 7, and 9.** Plaintiffs concede that KinderCare's Registration Statement (Exhibit 1), analyst reports (Exhibits 3, 5, and 7), and the attorney general press release (Exhibit 9)—all of which they rely on in the AC, *see* RJN 3-4—are incorporated by reference, RJN Opp. 2, 4. And they raise no objection to any specific use of those exhibits. *Id.* Instead, they argue generally that such documents cannot be used to "challenge Plaintiffs' well-pleaded allegations." *Id.* at 4. But Plaintiffs do not identify any instance where Defendants used one of these exhibits to dispute or challenge a ***well-pled*** allegation. *See In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's ***conclusory*** allegations." (emphasis in original)).

**Exhibits 2, 4, 6, and 8.** Plaintiffs dispute that Exhibits 2, 4, 6, and 8 (earnings call transcripts) are incorporated by reference because they were "referenced only incidentally in the Amended Complaint." RJN Opp. 2. That is wrong. Plaintiffs use these documents to "demonstrate that [KinderCare's] Offering Documents were materially false and misleading at the time of the IPO." AC at 120 (section heading). Stated differently, these documents "form the basis of" Plaintiffs' claims and are thus incorporated by reference. *Lake v. Zogenix*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (document cited only once incorporated by reference where it "bolster[ed]" falsity allegations); *see Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1005 (9th Cir. 2018) (single reference to document in complaint used to support falsity sufficient for document to be incorporated by reference).

Plaintiffs also object that Defendants use Exhibits 2, 4, 6, and 8 in their "recitation of facts" to "create an alternative narrative," insisting Defendants "cannot base dismissal on their own version of the truth." *Id*. But again, Plaintiffs do not (and cannot) identify any use of these exhibits to dispute a ***well-pled*** fact. Defendants use each exhibit to introduce *other* context that Plaintiffs omit from the AC. That use is proper. *See Eventbrite*, 2020 WL 2042078, at *7 ("[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context."). If the full documents on which the AC is based support Defendants' arguments or compel dismissal, that is a deficiency in Plaintiffs' pleading, not an improper use of the exhibits. *See In re PG&E Sec. Litig.*, 806 F.Supp.3d 962, 986 (N.D. Cal. 2025) (incorporating documents to "provide context for the challenged statements and prevent selective citation").

### B. Judicial Notice of Exhibits 1-11 Is Proper

Plaintiffs do not dispute that all 11 exhibits are the types of documents that courts routinely deem to be judicially noticeable. RJN Opp. 4-7, 10. And none of their arguments to any specific exhibit has merit.[2]

**Exhibits 1-9.** Plaintiffs advance two arguments against Exhibits 1-9. RJN Opp. 5-6. First, they claim Defendants "ask the Court to take judicial notice without identifying the specific facts" for which judicial notice is sought. *Id.* 5. That is demonstrably untrue. Defendants cite the specific page of each exhibit in the Motion, state the specific cited fact in the Motion, and highlight the fact in the exhibit. Plaintiffs identify no additional effort Defendants should (or could) have possibly made here. And Plaintiffs' sole authority for this argument involved markedly different circumstances: in *In re Green Dot Sec. Litig.*, the defendants "list[ed] in chart form, dozens of

[2] Plaintiffs also argue Exhibits 10-11 are not subject to incorporation by reference. RJN Opp. 2. Defendants never claimed they were. *See* RJN 2, 4.

documents spanning hundreds of pages" without identifying "any particular facts." 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024).

Second, Plaintiffs insist Defendants cannot use these exhibits "to present their own version of the facts at the pleading stage." RJN Opp. 6. But Plaintiffs point to no specific instance of *any* improper use of Exhibits 1-9. Rather, Defendants cite each only to show what was publicly disclosed and when. That use is proper. *See In re Aqua Metals Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (judicially noticing press releases to "determin[e] what was disclosed to the market").

**Exhibit 10.** Plaintiffs concede that Exhibit 10 (the U.S. Department of Labor's webpage of historical minimum wage rates) is subject to judicial notice, RJN Opp. 6-7, but argue the Court should nonetheless disregard it on two grounds.

***First***, Plaintiffs claim the Court "may not accept the document[] to prove [its] truth, nor the significance Defendants ascribe to [its] contents." *Id.* at 6. That is wrong. Judicial notice extends to facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs do not—and cannot—dispute the accuracy of the data in Exhibit 10. *See Thornhill v. McLane Foodservice*, 816 F.Supp.3d 1006, 1011 (N.D. Cal. 2026) (judicially noticing minimum wage information); *Lowe v. Lifestyle Publ'ns*, 2019 WL 1500665, at *2 n.2 (C.D. Cal. Apr. 5, 2019) (same). And because the facts in Exhibit 10 are subject to judicial notice, the Court may consider them for their truth. *See Ajaxo v. Bank of Am. Tech. & Ops.*, 2007 WL 4180361, at *1 (E.D. Cal. Nov. 21, 2007) ("a court may take judicial notice of [] a fact" subject to judicial notice "even when the complaint makes an express allegation to the contrary"); *Lyons v. Benson Indus.*, 2025 WL 908525, at *3, 7 (N.D. Cal. Mar. 17, 2025) (taking judicial notice of California minimum wage for its truth); *Picou v. Tracy Logistics*, 2025

WL 1248729, at *2 n.3 (E.D. Cal. Apr. 30, 2025) (same); *Lopez v. W. Coast Arborists*, 2024 WL 382368, at *3 (E.D. Cal. Feb. 1, 2024) (same).

***Second***, Plaintiffs argue that Defendants cannot use undisputed judicially noticeable facts about historical minimum wage rates to "challenge the accuracy of FEs' testimony." RJN Opp. 6. Again, Plaintiffs are wrong. A court "will read [the pleading] as if it contained a statement of all matters of which the court is required to take judicial notice, even when the pleading contains an express allegation to the contrary." *Ajaxo*, 2007 WL 4180361, at *1. Judicially noticed minimum wage data therefore properly can be used to probe the reliability, or lack thereof, of the FEs' characterizations regarding KinderCare's wage practices.

**Exhibit 11.** Plaintiffs do not dispute that Exhibit 11 (McDonald's Corp. SEC filing) is the proper subject of judicial notice. RJN 10; *see* RJN Opp. 7. Nor do Plaintiffs dispute the accuracy or reliability of this SEC filing. Rather, they dispute the strength of Defendants' analogy and arguments in their motion to dismiss—but that is not an argument against judicial notice. *See In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014) ("The inclusion of such [merits] argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper."); *Garcia v. Cal. Sup. Ct.*, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) (same).

### C. Judicial Notice of Exhibit C to the Jensen Declaration Is Improper.

The Court should deny Plaintiffs' request for judicial notice of Senator Jeffrey Merkley's letter to KinderCare and Partners Group (Exhibit C to the Jensen Declaration) for two reasons.[3]

***First***, Plaintiffs rely on this letter to supplement their allegations, which is not a proper use

[3] Defendants also join in Defendant Partners Group (USA) Inc.'s arguments against judicial notice of Exhibits A–C attached to the Jensen Declaration as set forth in their Reply in Support of Defendant Partners Group (USA) Inc.'s Motion to Dismiss.

of judicial notice. *See M.B. v. City & Cnty. of S.F.*, 2024 WL 4049889, at *1 (N.D. Cal. Sep. 3, 2024) ("Plaintiff cannot use a request for judicial notice to supplement the allegations in the SAC."); *D & D Greek Rest. v. Great Greek Franchising*, 2021 WL 4459063, at *3 (C.D. Cal. May 19, 2021) ("A plaintiff cannot utilize judicially noticed documents for the purpose of supplementing the allegations in a complaint.") (collecting cases holding same). Because the Merkley Letter is not alleged in the AC, it is not properly before the Court on a motion to dismiss.

***Second***, Plaintiffs seek judicial notice of the letter not merely for its existence, but for the truth of its contents. They assert the letter shows Senator Merkley "performed (and is performing) an investigation into KinderCare," with inquiries "align[ing] near identically with the issues at hand in this action." Pltfs.' RJN at 5. Their Opposition then relies on the letter to "corroborate[]" their allegations and demonstrate that those allegations "suffice at this pleading stage." Opp. at 3-4, 32. In other words, Plaintiffs use the letter as substantive evidence that their allegations are true—a source of "additional facts" that appear nowhere in the AC. That is impermissible. *See In re Turbodyne Techs. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) ("In deciding a motion to dismiss, courts may not take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

## III. CONCLUSION

For the foregoing reasons, KinderCare Defendants respectfully request that the Court consider **Exhibits 1-9** under the incorporation by reference doctrine, and **Exhibits 1-11** under the judicial notice doctrine, for the purposes set forth in Defendants' Motion to Dismiss, and decline judicial notice of Exhibit C to the Jensen Declaration.

Dated: July 8, 2026

/s/ *Koji F. Fukumura*

COOLEY LLP
KOJI F. FUKUMURA, *pro hac vice*
kfukumura@cooley.com
HEATHER M. SPEERS, *pro hac vice*
hspeers@cooley.com
CRISTINA M. FERRUOLO, *pro hac vice*
cferruolo@cooley.com
10265 Science Center Drive
San Diego, CA 92121
Telephone: 858.550.6000

TARA E. LEVENS, *pro hac vice*
tlevens@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650.843.5000

BALLARD SPAHR LLP
BRUCE H. CAHN, OSB No. 935450
cahnb@ballardspahr.com
RYAN O'HOLLAREN, OSB No. 231160
ohollarenr@ballardspahr.com
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Telephone: 503.778.2100

*Attorneys for Defendants KinderCare Learning Companies, Inc., Paul Thompson, Anthony Amandi, John T. Wyatt, Jean Desravines, Christine Deputy, Michael Nuzzo, Benjamin Russell, Joel Schwartz, Alyssa Waxenberg, and Preston Grasty*